## VANCE v. STATE.

[93 South. 881, No. 22808.]

1. INTOXICATING LIQUORS. *Affidavit or declaration in proceeding to condemn property used in violation of prohibition laws must state value of property; justice of the peace has no power to condemn such property if value exceeds two hundred dollars; in proceeding before justice to condemn such property any person may raise question of jurisdiction on appeal to circuit court.*

   Where a sheriff institutes a proceeding under chapter 189, Laws of 1918, section 5· (Hemingway's Supp. 1921, section 2163e), to condemn property used in violation of said act, the value of the property sought to be condemned should be stated in the affidavit or declaration, and the suit should be filed in the court having jurisdiction of the subject-matter. Such proceeding being a civil suit, a justice of the peace has no jurisdiction if the value of· the property sought to be condemned exceeds two hundred dollars in value. Any person interested in such property may raise the question of jurisdiction on appeal to the circuit court.

2. INTOXICATING LIQUORS. *Statute does not authorize condemnation of property of persons who did not violate laws or consent thereto; one who has purchase-money lien on property sought to be condemned for use in violation of prohibition laws may file claim in condemnation proceeding.*

   Chapter 189, Laws 1918 (Hemingway's Code Supp. 1921, section 2163a et seq.), when construed in connection with other laws *in pari materia*, was designed to forfeit all property rights of any person violating the law by the use of the property in aid thereof; but it

was not intended to destroy property rights of persons not violating the law, or not consenting thereto, or who were not negligent in intrusting their property to persons whom they might reasonably believe were law violators or who were liable to so use their property in aid of illegal acts and furtherance of illegal business therein mentioned; consequently a person having a lien upon property seized under the act, who makes oath that he did not have knowledge of such use and did not consent thereto, may file a claim in such suit to such property.

APPEAL from circuit court of Marshall county.

HON. W. A. ROANE, Judge:

Proceedings by the state to condemn certain automobiles for use in violation of prohibition laws, in which Ben H. Vance and another filed claimants' affidavits. From judgment of circuit court on appeal from judgment of the justice of the peace providing for condemnation of the automobiles, the claimants appeal. Reversed and dismissed.

*L. A. Smith,* for appellants.

*Lester G. Fant,* for the state.

No brief found in the record by counsel on either side.

ETHRIDGE, J., delivered the opinion of the court.

The sheriff of Marshall county made an affidavit before a justice of the peace of said county on the 9th day of August, 1921, in which he made oath on information and belief:

"That Anderson Colly, Lee Powell, M. C. Roberts, and Dewey Holland, in district No. 3 of said county and state, on the 7th day of August, 1921, did then and there possess, use, and control a certain Cadillac automobile of the model, Engine No. 57W8503, and service truck motor No. 84895, license No. 40255, and bearing Tennessee license No. 69556, and also one Ford car of model engine No. 4501, and bearing Mississippi license No. 40090, said Cadillac automobile and Ford car and truck being used by the said Colly, Powell, Holland, and Roberts with their knowledge for

the purpose of transporting a still and other articles used in the illicit making of whisky or other intoxicating liquors, the sale and possession of which is prohibited by the laws of the state of Mississippi, said automobiles and truck being further used in the attempt to make such liquors, in violation of the laws made and provided. Whereupon he prays that a writ of seizure returnable before Hon. W. G. Ford, J. P. Dist. No. 1, for said passenger Cadillac automobile and the Ford car and truck, so used and described above, shall issue by this court, and that all things had and done in accordance with law made and provided and the said Colly, Powell, Holland, and Roberts be summoned to appear before Hon. W. G. Ford in the city of Holly Springs to show cause why, if any, that said cars and truck should not be dealt with as provided in such cases."

The justice of the peace thereupon issued a warrant for the seizure and summons to the said persons to appear before the said W. G. Ford on the 15th day of August, 1921, to answer the writ, which warrant was duly executed by the sheriff.

The appellant, Ben H. Vance, filed a claimant's affidavit before the said justice of the peace, Ford, in which he alleged on oath that the said cars and truck described in the affidavit and levied on by the writ of seizure is the property of the affiant, and not the property of any one else, including the said parties named in the affidavit, and further stated that if the said cars were unlawfully used in violation of the liquor laws that it was without his knowledge or consent, and prayed that the said cars and truck be surrendered, a separate affidavit being filed as to each car. The justice of the peace, Ford, heard the matter, and adjudged the cars and truck to be condemned, and denied Vance's claim thereto. From which judgment the appeal was taken to the circuit court.

In the circuit court R. C. Rather filed a claim for the Cadillac, alleging in his affidavit that on the 16th of July, 1921, he sold the same to Vance for a consideration of three

thousand dollars, five hundred dollars of which was cash, and ten deferred payments of two hundred and fifty dollars each, in which notes a vendor's lien was written in for the balance of the purchase money, and that the affiant claimed a lien for the purchase money of the truck by virtue of the statute, and that he never knew that the said truck was to be used in violation of the laws of the state of Mississippi, and never consented thereto directly or indirectly, and that the balance due on the purchase-money notes is equal to the present value of the car, and prayed to be allowed to have his claim heard, filing therewith a copy of the bill of sale to Vance of the said car, in which bill of sale it appears that the notes should be paid on the 15th day of September, 1921, and monthly thereafter; a vendor's lien being retained for the balance of the purchase money.

In the circuit court a plea to the jurisdiction was filed, in which it was averred that the court was without jurisdiction for the following reasons: First, that the justice of the peace had no jurisdiction to declare the forfeiture of the cars used in the manner charged because the attempt to manufacture whisky is a felony, and that the justice of the peace had no right to enter final judgment or punishment; and, second, that the justice court had no jurisdiction, and therefore the circuit court acquired none because the case originated in the said justice court; third, that the value of the cars exceeded two hundred dollars each, and the amount in controversy is in excess of the jurisdiction of a justice of the peace; fourth, that a forfeiture was not declared by the court, which adjudged the criminal acts to be criminal with reference to said felony.

On motion of the state Rather's affidavit was stricken from the files, and he denied the right to present a claimant's issue. The plea to the jurisdiction was also stricken from the files, and thereupon the issues were limited to the claim of Vance, and judgment entered, reciting that—

"On a regular day of this term of court came on to be heard

the claim of Ben H. Vance, who had interposed a claim to one Cadillac car and one service truck found in the possession of Lee Powell, Anderson Colly, M. C. Roberts, and Dewey Holland, in said county and state, on the —— day of August, 1921, being used by them in the distilling, or in the attempt to distill, intoxicating liquors, and the claimant Ben H. Vance, being called in open court, comes not, but made default.   The court is of the opinion that said Cadillac car and said service truck were part and parcel of the distilling apparatus used by the said Lee Powell, Anderson Colly, M. C. Roberts, and Dewey Holland, and the court, being of the further opinion that there is not property in either said Cadillac car or said service truck so far as any one except the state authorities are concerned, and being further fully advised, is of the opinion that Ben H. Vance is not owner of either the said Cadillac car or said service truck, doth hereby adjudge that the claim of the said Ben H. Vance in and to the said Cadillac car and the said service truck be, and the same is hereby disallowed, and the court, being the same judge that presided at the trial of the said Lee Powell et al. on the charge of using the said automobile and the said service truck as a part of the distilling apparatus, doth hereby adjudge that the same was used as a part of the distilling apparatus, and that there is no property in the same, doth hereby order, adjudge, and decree that the said Cadillac car and the said service truck be declared to be the property of the state of Mississippi and Marshall county, to be disposed of according to law, and the proceeds of said car and said service truck be covered into the county treasury, and that the said claimant Ben H. Vance and the sureties on his bond be taxed with all costs in this cause incurred, for all of which let execution issue."

Section 5, chapter 189, Laws of 1918 (Hemingway's Supp. section 2163e) provides:

"That no property right of any kind shall exist in the liquors mentioned in section 1 of this act, or in any other liquors, liquids, bitters or drinks prohibited by the laws

of this state to be manufactured, sold, bartered, or otherwise disposed of in this state, or in any fixtures, furniture or vehicles, conveyances, boats or vessels when said property is kept or used for the purpose of violating any law of this state or of the United States, or in any apparatus or appliance under or which may be used for the purpose of distilling or manufacturing any intoxicating liquors, and in all such cases, the liquors, bitters, or drinks, as aforesaid, and the said property herein named, except vehicles, conveyances or boats, may be seized by the sheriff," etc.

It is further provided that where such property—"shall be seized by any sheriff or other lawful officer who shall immediately make an affidavit before the proper officer that such vehicle, conveyances, boats, or vessels were being used with the knowledge of the owner, or the lessee, in violation of this act, and the law of this state, and thereupon, the said officer shall issue his writ of seizure for said vehicle, conveyance, boat or vessel, and the said proceedings shall otherwise be instituted under, and be governed by the provisions of the laws of the state of Mississippi for the enforcement of liens for the purchase money of personal property, and the trial and judgment shall be in accordance with said provisions of the law," etc.

A proceeding for the enforcement of a lien for purchase money provided for in section 3080, Code of 1906 (Hemingway's Code, section 2437), which in terms directs the issuance of a writ of summons and seizure commanding the officer to seize the property and deal with it as in the case of an attachment for debt, and the defendant to the summoned, and that the defendant may replevy the property as in the case of attachment against debtors.

Section 151, Code of 1906 (Hemingway's Code, section 143), provided that—"The defendant, at any time before final judgment, may replevy the personal property seized and taken into possession by the officer serving an attachment." etc.

Section 163, Code of 1906 (Hemingway's Code, section 155), provides that—"All the provisions of law in rela-

tion to third persons claiming property levied on by virtue of *fieri facias* shall extend and apply to claimants of property levied on by virtue of writs of attachment. The trial of the right of property shall not be had until after judgment in favor of the plaintiff in the attachment suit," etc.

Section 4990, Code of 1906 (Hemingway's Code, section 3264), provides as to how claim to property levied upon may be interposed.

Section 2723, Code of 1906 (Hemingway's Code, section 2222), gives justices of the peace jurisdiction in all actions for recovery of debts or damages, or personal property, for the principal of the debt, the amount of the demand, where the value of the property shall not exceed two hundred dollars. Section 171 of the Constitution likewise limits the jurisdiction of justices of the peace in civil cases to two hundred dollars or less.

Questions of jurisdiction of the subject-matter can be raised at any time. The affidavit seeking the condemnation of the cars and truck nowhere alleges that the value of the cars and truck, or each of them, was two hundred dollars or less. It is manifest from the record that the value of the cars and truck was largely in excess of two hundred dollars, and therefore that the justice of the peace had no jurisdiction to dispose of the case on its merits; the condemnation proceedings being a civil suit and not a criminal prosecution.

We think that the circuit court had no jurisdiction because the justice court had none, the cause being appealed from the justice court to the circuit court. We are also of the opinion that chapter 189, Laws of 1918 (Hemingway's Supp., section 2163a, et seq.), in reference to this proceeding, is a penal statute, and that it is to be strictly construed, and construed in such a way as to prevent it from conflicting with the Constitution. *Edwards House* v. *Davis*, 124 Miss. 485, 86 So. 849. That the purpose of the act, when construed in connection with the other laws, especially sections 20 and 21 of the act, chapter 189, Laws

of 1918 (Hemingway's Supp. sections 2163v and 2163w), providing:

"20. No appeal, or superseding, or modifications of any existing law resulting from this act, shall effect any existing right, remedy, defense or liability incurred, or any action or prosecution, civil or criminal already commenced, and which may hereafter be commenced for any offense already committed, or any action or prosecution enforcing a right, penalty or punishment under such repeal, superseded, or modified law, and as to all such cases, the law in force at the time of the taking effect of this act shall continue in force.

"21. This is a supplemental act and does not constitute a complete revision of the laws upon the subject-matter involved, and that all acts and parts of acts, and laws and parts of laws heretofore passed, are hereby repealed and modified only when the same are in conflict with the provisions of this act, but the act approved February 16, 1916, known as the nonshipping law, and as chapter 103 of the Laws of 1916 in relation to the shipment and delivery of liquors, is hereby repealed, and that this act, among other things, is intended to furnish a substitute for the said chapter 103 of the Laws of 1916, and to displace the said latter act."

That the purpose of the act is to deprive all persons violating these laws of their property rights in property used in violation of this act, and that it is not the purpose of the law to deprive other parties of property rights in such property unless they knew or had reason to believe that the property would be used in violation of law, or had been so used, or unless they were guilty of such negligence in making sales to persons under circumstances that would indicate that such property would be so used in violation of law. In other words, the act is not to be construed so as to make the mere fact that property is so used operate as a forfeiture of all rights of other parties in such property whether they had knowledge or means of

knowing of the unlawful use or not. *Aldinger* v. *State,* 115 Miss. 314, 75 So. 441.

We think, therefore, it was improper to deny to Rather the right to interpose his claim to the property in question to the extent of his reserved vendor's lien, if such exists in fact.

The judgment of the court will be reversed, and the cause dismissed, without prejudice to the right of the state to proceed in a proper proceeding in the circuit court to have said property forfeited, and with the right of the claimants to there interpose claims in the manner provided by law.

*Reversed and dismissed.*