WEST BARNES MOTOR CO. *v.* STATE *ex rel.* DIST. ATTORNEY.

[95 South. 675.    No. 23192.]

INTOXICATING LIQUORS. *Owners of automobile used in unlawful transportation of intoxicating liquors not deprived of property where no knowledge shown of unlawful use.*

Chapter 189, Laws of 1918 (section 2163e, Supplement to Hemingway's Code), does not deprive persons of their property rights in an automobile used by another person for the transportation of intoxicating liquors in violation of this act, when the owner does not know and is not charged with knowledge of the fact that the car will be or is being used for this unlawful purpose.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Proceeding by the state, on the relation of the district attorney, against the West Barnes Motor Company. From a judgment for plaintiff, defendant appeals. Reversed and judgment rendered.

*Wells, Stevens & Jones,* for appellant.

Without elaboration this appeal is now controlled by the very recent case of *Vance et al. v. State,* 93 So. 881, Advance Sheets No. 12, Dec. 30, 1922. The principal statute involved is chapter 189, Laws of 1918. This chapter is to be construed in like manner as chapter 103, Laws of 1916, which has already been construed by this court in *Aldinger* v. *State,* 115 Miss. 314, 75 So. 441.

If there was any doubt about this proposition, all doubt is now removed by the decision of this court in the *Vance Case, supra.* The statute providing for condemnation of property used in violation of the prohibition laws was designed to strike at the guilty and not the innocent. It forfeits any rights of the criminal. Being a strictly penal statute it should be strictly construed, and has been so construed in the Vance case, as well as the older case of *Aldinger* v. *State.* The fact is, the Law of 1918 is more favorable to the claimant than the Law of 1916 because the state is required to allege and prove the knowledge of the owner as to the illegal use of the car. *Aldinger* v. *State,* 115 Miss. 314, 75 So. 441.

*Clayton D. Potter,* attorney-general, for the state.

The circuit court, relying on a decision in the case of *United States* v. *Yuginovich,* 65 L. Ed. 679, held that the car was subject to confiscation, notwithstanding the fact that the appellants had a lien thereon, and the car was ordered to be sold under the judgment of the court, in the manner provided by law. From this decision, the vendors of the car appealed. The question presented is whether or not the property rights of an innocent vendor, holding a lien on a car, used without his knowledge and consent, for transporting intoxicating liquors, can be divested, when such car is condemned, under the section set out. I cannot distinguish between the case at bar and the case of *Vance* v. *State,* 93 So. 881. In that case it seems that the precise question was presented to the court, and in its decision, the court said:

"That the purpose of the act is to deprive all persons violating these laws of their property rights in property used in violation of this act, and that it is not the purpose of the law to deprive other parties of property rights in such property unless they knew or had reason to believe that the property would be used in violation of law, or had been so used, or unless they were guilty of such negligence

in making sales to persons under circumstances that would indicate that such property would be used in violation of law. In other words, the act is not to be construed so as to make the mere fact that property is so used operate as a forfeiture of all rights of other parties in such property whether they had knowledge or means of knowing of the unlawful use or not. *Aldinger* v. *State,* 115 Miss. 314, 75 So. 441."

As I find no distinction in the case at bar and the Vance case, I submit this case to the court.

SYKES, P. J., delivered the opinion of the court.

This is a proceeding instituted by the state, on the relation of the district attorney, to seize, have condemned, and sold, an automobile in which intoxicating liquors had been transported. The proceeding is instituted under chapter 189, Laws of 1918 (section 2163e, Supplement to Hemingway's Code).

The West Barnes Motor Company, appellant, filed a claimant's issue in the circuit court. The facts were then agreed upon. These facts show that in Mobile, Ala., the appellant company sold the automobile in question to one Tanner. Part of the purchase price was paid in cash, and notes given for the balance. Title was retained in the vendor until these notes were paid. The balance due vendors is more than the value of the car. At the time of the sale the vendors thought Tanner a suitable and proper person to own an automobile and had no idea that it would ever be used for transporting intoxicating liquors, and knew nothing of this fact until the car was seized in Jackson. They exercised good faith in the sale of the car.

On this agreed statement of facts the circuit court rendered judgment in favor of the state, from which judgment this appeal is prosecuted.

This act and the one which it amended have been construed by this court in the cases of *Aldinger* v. *State,* 115 Miss. 314, 75 So. 441, and *Vance* v. *State* (Miss.), 93 So.

881.   It is not the purpose, and these laws do not deprive, persons of their property rights in an automobile used in violation of this act, when the owner 'does not know and is not charged with knowledge of the fact that the car is being used or will be used for the transportation of intoxicating liquors.   The judgment of the lower court is reversed, and judgment rendered here in favor of the claimant.

<div align="right">

*Reversed, and judgment here.*