Powell *et al. v.* State.[*]

(In Banc.　Jan. 19, 1925.)

[102 So. 540.　No. 24474.]

1. Intoxicating Liquors. *Statute held not to authorize confiscation or forfeiture of vehicles used in attempt to manufacture liquors.*
   The Laws of 1918, chapter 189, section 5, does not confer upon the state power to confiscate or forfeit by seizure vehicles used in an attempt to manufacture intoxicating liquors in violation of law.

2. INTOXICATING LIQUORS. *Statute held not to authorize seizure and sale of vehicles transporting still and appliances for making intoxicating liquors.*

> Said section of said chapter only confers upon the state the power to seize, condemn, and sell vehicles used in transporting intoxicating liquors in violation of law, and does not warrant the seizure and sale of such vehicles when used in transporting a still and appliances for making intoxicating liquors.

---

*Headnotes 1. Intoxicating Liquors, 33 C. J., section 363; 2. Intoxicating Liquors, 33 C. J., section 363.

APPEAL from circuit court of Marshall county.
HON. THOS. S. PEGRAM, Judge.

Suit by the state to condemn certain automobiles, in which Lee Powell and others appeared as owners. From a judgment condemning the cars, owners appeal. Reversed, and judgment rendered.

*L. A. Smith,* for appellants.

It is the contention of appellants, in brief, that the act contemplated only the condemnation of vehicles and conveyances used in the transportation of intoxicating liquors, and that its dominant thought is to disallow property rights in the still itself and the ingredients for the making of said liquors, the same to be destroyed summarily by the officers at the time. But, that with reference to the vehicles and conveyances used in transporting said liquors, a different situation arises, as they are not to be destroyed at all without an opportunity to the owners to defend them against the charge that they were knowingly used in transporting said liquors. The very difference in the classification of the procedure shows that the law-makers had in mind a difference in the use and a difference, therefore, in the precedure and the penalty. This case has already been before this court once, in *Vance* v. *State,* 130 Miss. 251, 93 So. 881, on a question involving the right of a claimant's issue

137 Miss.—30.

to be heard and on the question of jurisdiction. The court held that a claimant had the right to be heard and that the circuit court had no jurisdiction because the case had been started in the court of a justice of the peace, who had no jurisdiction. The question before the court now in the present appeal was not passed on by the court in that appeal.

*Aldinger* v. *State,* 115 Miss. 314, 75 So. 441, held that the law provided that the automobiles could be condemned for sale because of transporting liquors, only when the owners could be shown to have guilty knowledge of the transportation. In the Aldinger case, however, there was no adjudication of the precise question presented by the present appeal, either, and it is now, so far as I know to the contrary, up to the court for the first time.

Chapter 189, Laws of 1918, was passed as a substitute and to displace the chapter 103, Laws of 1916, and it will aid us somewhat in arriving at the legislative intent in these schemes, if we analyze the captions of each act, it seems to me. The very captions show that the paramount purpose the acts were expected to accomplish was the suppression of the transportation of liquors, as part of the legislative policy of suppressing the liquor business in Mississippi, and that as a subsidiary of this purpose there was, also, embraced in the acts a provision making it against the law to distil intoxicating liquors. To take care of these two features two separate modes of procedure were adopted by the legislature in reference to the apparatus and ingredients used in distilling on the one hand, and in reference to the vehicles and conveyances used in transporting, on the other hand. In the case of the apparatus, such a worm, coil, still, pipes, furnace, mash, and so forth, the officers were summarily to destroy it; but in the case of the vehicles and conveyances used in transporting the manufactured article, there was to be a trial, and only after the determination that said transporting was done with

the guilty or negligent knowledge of the owners, was there to be destruction of the vehicles and conveyances.

Under the rules of statutory construction adopted and universally proclaimed by this court, the construction of this statute in conformity therewith, requires that the case be reversed and dismissed, because the automobiles were not using the roads of this state in "conveying any of said intoxicating liquors, the sale of which is prohibited by law." The affidavit charges in the face of it that the automobiles were being used for the transportation of distillery apparatus and thus breaking the law, and for this act the law does not provide by express language or any fair inference therefrom that the automobiles may be confiscated. It does provide that for conveying any of said intoxicating liquors the sale of which is prohibited by law, they shall be confiscated. But there is no such charge here. This statute is highly penal, and the court will not seek for an inference to extend the law in its application so as to embrace these automobiles, but will seek an adjustment of its parts and a construction thereof that will relieve these autos from its operation, under the emphatic holdings of this court. *State* v. *Taylor,* 56 So. 521, 100 Miss. 544; *State* v. *Richardson,* 86 Miss. 439, 38 So. 497; *Yerger* v. *State,* 91 Miss. 802, 45 So. 849; *Adams* v. *Saunders,* 93 Miss. 520, 46 So. 960; *State* v. *Henry,* 87 Miss. 125, 40 So. 152, 5 L. R. A. (N. S.) 340; *Stewart* v. *State,* 95 Miss. 627, 49 So. 615; Bishop on Statutory Crimes, par. 230.

*Wall Doxey,* District Attorney, Third Judicial District, and *Lester G. Fant,* for the state.

It appears to the appellee's counsel, that if at a time when the supreme court had the entire facts before it, and that in their written opinion they held that the purpose of the act was to forfeit this identical property, used in the manner it was used, but that this forfeiture would not extend to an innocent party who had reserved

the lien, unless circumstances were such as to make him either a *particeps criminis,* or so negligent as to amount to that. This is a judicial ascertainment of the fact that these identical motor vehicles are forfeited unless some innocent party owns them, and has been able to show that he was not so negligent in the handling of his property as to be guilty of the wrong. The case was remanded and not dismissed in the supreme court, as has been quoted above, and it was rendered for the purpose of proceeding in the proper way. It is admitted by the demurrer, that the proceeding is in the proper way, and that the circuit court of Marshall county, Mississippi, had jurisdiction.

The case is now before the supreme court according to the statement made by the circuit judge, in rendering his opinion, solely and alone on the question of whether or not these vehicles are forfeited to the state of Mississippi. We maintain that under the authority of the case of *Vance* v. *State,* 130 Miss. 251, that this is no longer a question at issue in Mississippi, but has been finally and flatly decided by this very division of the supreme court. We deem it necessary, therefore, only to call the court's attention to a few of what we deem to be erroneous statements of law, in the brief of appellants. for instance, he says chapter 189, Laws of 1918, was passed as a substitute and to displace chapter 103, Laws of 1916, and then proceeds to discuss the Laws of 1916, as tho the Laws of 1918 were really a substitute for the Laws of 1916, when the legislature in section 21, chapter 189, Laws of 1918, specifically states that: "This is a supplemental act and does not constitute a complete revision of the laws upon the subject-matter involved, and that all acts and parts of acts, and all laws and parts of laws heretofore passed, are hereby repealed and modified only when the same conflict." Under chapter 189, Laws of 1918, section 5, it is specifically stated that there shall be no property of any kind in any fixtures, furniture, vehicles, boats or vessels when

said property is kept for the purpose of violating the laws of this state or of the United States, or in any apparatus or appliance used for the purpose of distilling or manufacturing any intoxicating liquors, and in all such cases, the liquors, and everything except the vehicles or boats shall be seized by the sheriff and destroyed, and it then provides the manner in which the conveyances shall be disposed of and we have followed the law in regard to that. *Aldinger* v. *State,* 115 Miss. 314, is not in any way applicable to this case because no third party has appeared to lay any claims to these vehicles in any way.

*L. A. Smith,* in reply for appellants.

The Vance case is not *res adjudicata* of the issue raised by the demurrer in this case. The Vance case decided just two things: (1) The court had no jurisdiction; (2) R. C. Rather and B. H. Vance had the right to have his claimant's issue adjudicated. The questions raised by the demurrer in the instant case were not before the court in the Vance case, and it gets back to the question raised by the demurrer, that is, can these cars be forfeited unless they transported intoxicating liquors? A judgment on appeal is conclusive only of the case as then presented, and not of the case made by amendment of the bill introducing new matter, and evidence in support thereof after remand of the case. *Haines et al.* v. *Haines et al.,* 54 So. 433. A court cannot adjudicate the merits of a controversy unless it is competent to do so, so as to create the *status res judicata. Moseby* v. *Wall,* 23 Miss. 81, 55 Am. Dec. 71.

It is manifest that chapter 103, Laws 1916, was passed to regulate shipment and delivery of liquors, while chapter 189, Laws 1918, was passed to suppress it, and that section 5, Laws 1918, provide only that vehicles shall be seized and condemned when transporting liquors.

McGowen, J., delivered the opinion of the court.

This appeal is prosecuted from a judgment of the circuit court condemning a certain Cadillac car and a certain truck to be sold as being used in violation of chapter 189, Laws of 1918, section 5. The affidavit charges:

"That Anderson Colley, Lee Powell, M. G. Roberts, and Dewey Holland, in district No. 3 of Marshall county, Miss., on the 7th day of August, 1921, did then and there possess, use, and control one certain Cadillac car of the model engine No. 57W8503, and one service truck, motor No. 84895, license No. 4255. The Cadillac automobile bearing Tennessee license No. 69556. Said Cadillac automobile and said service truck being used by the said Anderson Colley, Lee Powell, M. G. Roberts, and Dewey Holland with their knowledge for the purpose of transporting a still and other articles used in the illicit making of whiskey and other intoxicating liquors. The said automobile and truck being then and there vehicle and conveyance kept and used for the purpose of violating the laws of the state of Mississippi and the United States of America, and being an apparatus and appliance which were being used for the purpose of distilling and manufacturing intoxicating liquors, the making and distilling and sale and possession of which intoxicating liquors are prohibited by the laws of Mississippi and of the United States of America; said automobile and truck being used in an attempt to make the liquor in violation of the laws aforesaid. Whereupon he prays that a writ of seizure returnable," etc.

The defendants appeared and filed a demurrer to the petition, alleging that the affidavit and petition did not present any legal grounds for which said Cadillac car and service truck might be legally seized and condemned for sale, and did not charge that the car and truck were used in transporting intoxicating liquors. The court below reached the conclusion that these vehicles should

be condemned under section 5 because said vehicles were used for the purpose of violating the laws of the state of Mississippi and of the United States with regard to the unlawful manufacturing of liquors or attempting so to do.

Section 5, chapter 189, Laws of 1918, is as follows:

"That no property rights of any kind shall exist in the liquors mentioned in section 1 of this act, or in any other liquors, liquids, bitters or drinks prohibited by the laws of this state to be manufactured, sold, bartered, or otherwise disposed of in this state, or in any fixtures, furniture or vehicles, conveyances, boats or vessels when said property is kept or used for the purpose of violating any law of this state or of the United States, or in any apparatus or appliance used or which may be used for the purpose of distilling or manufacturing any intoxicating liquors, and in all such cases, the liquors, bitters or drinks, as aforesaid and the said property herein named, except vehicles, conveyances or boats, may be seized by the sheriff or any other lawful officer of the state, and destroyed and rendered useless by him without any formal order of any court, and may be searched for and seized under the laws of this state, but all vehicles, and conveyances of every kind and description, which are used on any of the public roads, streets, avenues or alleys, or private ways of this state, and all boats and vessels of every kind and description, which are used in any of the waters of this state in conveying any of said intoxicating liquors, the sale or possession of which is prohibited by law, shall be seized by any sheriff or other lawful officer who shall immediately make an affidavit before the proper officer that such vehicle, conveyances, boats or vessels were being used with the knowledge of the owner, or the lessee, in violation of this act, and the law of this state."

The balance of this section sets out in detail the procedure for the issuance of process bringing the

owners or defendants into court and the trial and judgment condemning the property.

This Cadillac car and motor truck had been previously condemned in an affidavit filed before a justice of the peace, and Vance undertook to file a claimant's affidavit and propound a claim as the owner of these cars. The justice of the peace refused to entertain the claim, and an appeal was prosecuted to the circuit court, and that court declined to permit Vance to propound his claim, and also overrule a plea to the jurisdiction of the court upon a showing that the cars were of more than two hundred dollars value, that the justice of the peace was without jurisdiction, and therefore the circuit court was without jurisdiction. Judgment was entered condemning the cars, and the case was appealed to this court, and is reported as Vance v. State, 130 Miss. 251, 93 So. 881.

Special counsel representing the state say in their briefs that the Vance case "is a judicial ascertainment of the fact that these identical motor vehicles are forfeited, unless some innocent party owns them, and has been able to show that he was not so negligent in the handling of his property as to be guilty of the wrong."

It is sufficient to say that the supreme court at that time had before it only the two questions: First, could an innocent owner upon his affidavit that he was the owner of the car and without knowledge of its use for unlawful purposes propound his claim to property seized under this particular law? The lower court held that a claimant's issue was improper; the supreme court held to the contrary. The second question was, Property in value of more than two hundred dollars being condemned by the justice of the peace upon appeal therefrom, did the circuit court have jurisdiction? The supreme court held that, the justice of the peace being without jurisdiction, the circuit court was without jurisdiction, and the cause was "dismissed without prejudice to the right of the state to proceed in a proper pro-

ceeding in the circuit court to have said property for-feited, and with the right in the claimants to there inter-pose claims in the manner provided by law.'' So we are of the opinion that the questions presented here were not before the court and not considered in the Vance Case.

This is a highly penal statute condemning certain property to be destroyed or rendered useless without any kind of trial, and certain other property to be seized and upon a trial sold and the proceeds forfeited.

Judge SMITH said, construing a similar statute in *Stewart v. State,* 95 Miss. 627, 49 So. 615:

''Penal statutes must be strictly construed, and the courts can neither add to nor take from them.''

The affidavit in this case, in substance, charges that this car and truck were being used in violation of the laws of the state and of the United States, and used in an attempt to make liquor in violation of the said laws. It will be noted that the captions show that the para-mount purposes of the act were to suppress the trans-portation of liquors, and this section 5, if taken literally, as counsel representing the state insist, would mean that an automobile or other vehicle in which any law of the state or of the United States was violated would be subject to seizure and sale, because it says when any of the said property is kept or used for the purpose of violating any law of this state or of the United States, but the courts of the land could not for a moment approve the idea of the confiscation of a car or other vehicle under a statute like this because some violation of law had occurred therein. We take it that the statute meant to condemn the transportation of intoxicating liquors in any vehicle, and that was in our judgment the paramount idea of the legislature, so our construction is that the only thing denounced as to vehicles of the character mentioned in the petition herein is the trans-portation of intoxicating liquors and not embracing any other violations of law.

It will be noted that this section is divided into two parts. The first part denounces certain articles used in the manufacture of liquors, and condemns them to be immediately destroyed by the officer who captures them without any trial in court; in the second part it will be noted that the statute especially excepts vehicles, conveyances, or boats seized by the sheriff and which are used in conveying any of the said intoxicating liquors, the sale of which is prohibited by law, so that we think it was necessary that it be charged in the affidavit or petition that the cars sought to be condemned were used in conveying intoxicating liquors, the sale of which is prohibited by law.

The petition here under review in our opinion fails to charge that the cars in question were used in violation of section 5, chapter 189, of the Laws of 1918, and the demurrer therefore should have been sustained.

Assuming from certain statements in the record and in the brief of counsel that, this cause having been before this court once before, parties representing the state cannot further amend so as to conform to this opinion, the judgment of the lower court will be reversed and the cars described in the petition will be released.

Reversed, and judgment here for appellant.

*Reversed.*