### GENERAL MOTORS ACCEPTANCE CORPORATION v. STATE.  (No. 3029.)

Court of Civil Appeals of Texas.  Amarillo. March 6, 1929.

Slough & Gibson, of Amarillo, for appellant.

J. S. Stallings, of Claude, and S. E. Fish, of Amarillo, for the State.

RANDOLPH, J.  In this case this court made a statement of the case and certified to the honorable Supreme Court of Texas the following questions:

"(1) By the procedure outlined in Article 5112, does the sale by the state of Texas of the automobile in question dispose of the interest of the intervener as an innocent lienholder?

"(2) Has the intervener, as an innocent lienholder, the right to participate in the proceeds of such sale?"

The questions were referred to section A of the Commission of Appeals for answer. The Commission of Appeals, in an opinion by Judge Nickels, answered each of the questions in the affirmative and the holding of the Commission of Appeals was expressly approved by the Supreme Court. The issues presented to the Supreme Court control the disposition of the case and as the opinion of the Commission of Appeals states the facts of the case, as set out in the certificate, a statement of the facts will not be repeated here.  12 S.W.(2d) 968.

The objection made by appellee to the consideration by us of the matters set out in appellant's (intervener's) brief because the defendants Carter and Garrett were not made parties to the appeal bond will not be sustained.  These defendants were charged by the state with the offense of unlawfully transporting liquor in the automobile in question and were convicted and sent to the penitentiary.  The issue as to whether or not such a violation of the law had occurred as authorized the forfeiting of the automobile was tried out and determined against those defendants after due service.  They did not appeal from such judgment.  Therefore the judgment concludes every right they had.  Under the answers of the Commission of Appeals, the only issue to be determined was whether or not the intervener could share in the disposition of the proceeds of the sale of the automobile—a question of no vital interest to Carter or Garrett, they having lost whatever interest they had in the car by the judgment of the trial court which had determined the question of forfeiture against them.  Hence they were not necessary parties to the appeal of the question for ultimate decision.

In accordance with the instruction of the Supreme Court, the judgment of the trial

court is here in part affirmed and in part reversed and so reformed as that the intervener will be granted recovery of judgment as prayed for, and such judgment, after the payment of costs in the lower court and in this court, to be first paid off and discharged from the proceeds of the sale of the automobile, and that the residue of the proceeds of such sale be paid to the plaintiff, the state of Texas, including legal commissions upon the amount recovered by the state from such residue, and judgment will be entered accordingly.