THE CITY OF MIAMI, a municipal corporation of the State of Florida, v. SAM MILLER.

4 So. (2nd) 369
En Banc
Opinion Filed October 29, 1941
Rehearing Denied November 13, 1941

*J. W. Watson, Jr.,* and *Wm. W. Charles,* for Petitioner;

*Bart A. Riley* and *Stanley S. Phillips* for Respondent;

*Tyrus A. Norwood* and *Miller Walton,* as *Amicus Curiae.*

TERRELL, J.—In January, 1941, police officers of the City of Miami entered Slapsie Maxie's Frolic Club, an amusement place of Sam Miller; they arrested Miller and forty-eight of his employees. They took approximately $27,000 from the cashier's cage and various

gambling devices but permitted several hundred patrons to leave the premises unmolested.

Miller and forty-seven of the employees were tried and convicted in the municipal court in Miami for promoting and conducting games of chance contrary to Sec. 7669, Comp. Gen. Laws of 1927, and Ordinance 319 of the City of Miami. At the time of the arrest and seizure, $9,273.95 of the money seized was on the gambling implements and $17,638.70 was in the cashier's cage. The Municipal Court adjudged the former sum forfeited to the City and the latter to be returned to Miller. On appeal to the Circuit Court, the judgment of the Municipal Court was reversed in so far as it adjudged a forfeiture of $9,273.95 to the City. The judgment of the Circuit Court is here for review on certiorari.

The question for determination is whether or not the Municipal Court of the City of Miami was authorized to adjudicate a forfeiture to the City of $9,273.95 taken from the gambling implements and use as evidence against the defendant.

Forfeitures are considered harsh exactions and as a general rule are not favored. They will not be permitted by a municipality or other governmental entity unless the power to do so is conferred by express authority from the legislature. The power to declare a forfeiture is considered a field unto itself and will not be allowed as an incident to other penalties. The legislature must confer the power in terms and the City must provide for it pursuant to the power conferred.

The City relies on Section 3 (y), Section 3 (a a) Section 84 of its Charter, Ordinance 319 of the City, Section 7669, Comp. Gen. Laws of 1927, and the de-

cision of this Court in State *ex rel.* Padgett, *et al.,* v. Circuit Court of the Eleventh Judicial Circuit, *et al.,* 110 Fla. 46, 148 So. 522, to support its power to declare the forfeiture.

In the latter decision, we held that statutes requiring a forfeiture of money received through schemes of chance or gambling devices contemplate the adjudication thereof in a court of competent jurisdiction and that on competent evidence of the right to declare the forfeit. Under Sec. 7665, Comp. Gen. Laws of 1927, money found in the mechanism of gambling devices may be regarded as having been forfeited and disposed of as other gambling paraphernalia.

Section 7665, *supra,* also provides that when a sheriff or any police officer captures gambling instruments or other gambling devices in any room, house, or booth, he may seize the same and hold them subject to the discretion of the Court to be used as evidence and afterwards to be destroyed as the law directs.

We have examined the provisions of the City Charter and Ordinance relied on and find no implied or express authority for the Municipal Court to declare a forfeiture of the moneys in question. A majority of the Court are of the view that there is no such authority on the part of the City. The writer of this opinion is of the view that since the police officers of the City have seized and by virtue of such seizure the City now holds the funds, Secs. 7665 and 7670, Comp. Gen. Laws of 1927, may be construed together and when done, the City may by appropriate action in a court of competent jurisdiction secure a judgment of forfeiture of the said funds.

The judgment of the Circuit Court is deemed correct, and the writ of certiorari is therefore quashed.

BROWN, C. J., WHITFIELD, BUFORD, THOMAS and ADAMS, J. J., concur.

CHAPMAN J., dissents.

CHAPMAN, J., dissenting.—The conclusion expressed by the majority opinion in the case at bar appears sound and is in harmony with our rules of statutory construction, but my inability to agree thereto is because the judgment fails to administer justice, and, as I see it, retards the administration of justice and injustice is thereby promoted. The personal views expressed by Mr. Justice TERRELL go to the crux of the controversy and if his views prevail, the money taken in the gambling house would go to the City of Miami. I am in accord with the conclusion.

The growing evil of gambling should be controlled and if possible exterminated, and judicial construction of laws regulatory thereof should be liberal in behalf of the general welfare, and in such manner as will aid and simplify the task and responsibility of enforcing the same. When Secs. 7665 and 7660 C.G.L. are considered together, and the liberal rule applied, it appears that in a proper proceeding in a court of competent jurisdiction, these funds should be forfeited to the City of Miami. These two Sections, enacted possibly fifty or seventy-five years ago, were intended to array the legal machinery of the entire State of Florida against gambling, inclusive of all municipalities, and the City of Miami should be sustained in a court of competent jurisdiction on this theory of the case.