**GENERAL MOTORS ACCEPTANCE CORPORATION, a corporation, v. STATE OF FLORIDA.**

11 So. (2nd) 482                              January Term, 1943
January 22, 1943                                       En Banc

*Rogers, Towers & Bailey, Wm. H. Rogers, C. D. Towers,* and *Taylor Jones,* for petitioner.

*J. Turner Butler* and *Chas. A. Savage,* for respondent.

CHAPMAN, J.:

The record herein discloses facts viz: The Turnipseed Motor Company, of Ocala, Florida, on May 19, 1941, sold, under a conditional sales contract, one 1940 Chevrolet automobile to Lewis Lembric, a resident of Marion County, Florida. Prior investigations revealed that Lembric was a reasonably safe credit risk and was without a criminal record of violating the Florida Liquor Laws. The General Motors Acceptance Corporation, on May 22, 1941, purchased of the Turnipseed Motor Company the Lewis Lembric conditional sales contract. On March 21, 1942, Lewis Lembric was arrested and the automobile seized by an officer because it was being used by Lembric in the transportation of intoxicating beverages on which a tax was by law imposed and had not been paid. The value of the car shortly after the seizure was appraised at the sum of $385.00.

Honorable J. W. Hunter, State Attorney, filed in the Circuit Court of Marion County, Florida, a petition in the name of the State of Florida praying for a forfeiture to the State of Florida of the Chevrolet car under the several provisions of Sections 562.39 and 562.40, Florida Statutes 1941. The General Motors Acceptance Corporation filed an amended answer to the petition for forfeiture, making known to the court that it held a conditional sales contract, signed by Lembric, which established a lien or simply retained the title to the car until Lembric paid the full amount of the agreed purchase price of the car and was without knowledge of the use of the car by Lembric in the violation of the Beverage Act. The amended answer: (1) challenged the power of the court, under the terms of the Act, to decree a forfeiture of the interest of an innocent lien holder; (2) the terms of the Act, if the forfeiture was sustained, were in violation of the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution.

The trial court sustained a motion of the State of Florida

to dismiss the amended answer on the theory that an innocent lien holder of the car was not excepted from the forfeiture provisions of the Beverage Act, on the authority of Scarborough v. Newsome, 150 Fla. 220, 7 So. (2nd) 321. An appeal therefrom has been perfected to this Court.

Several questions are submitted for adjudication by counsel for the parties, but it appears that an answer to the question propounded by counsel for appellee will be a determination of the controversy, namely: does the Florida Beverage Law, Chapter 19301, Acts of 1939, authorize the forfeiture of the property rights of an innocent conditional vendor of an automobile used by the purchaser in transporting unpaid tax intoxicating liquors in violation of the Beverage Act without the knowledge or consent of the conditional vendor?

Section 562.15, Florida Statutes 1941, makes it unlawful for any person to own or possess any beverage containing more than 1% of alcohol by weight, as to the sale of which beverage an excise tax is required to be paid, unless the immediate container of such beverage shall have affixed to it the Florida excise liquor stamp required to be affixed thereto. Section 562.16, Florida Statutes, 1941, provides that any person who shall own or have in his or its possession any beverage upon which a tax is imposed by the beverage law and upon which such tax has not been paid shall . . . be personally liable for the amount of the tax imposed on such beverage.

Subsection (3) of Section 562.27, Florida Statutes 1941, makes it the duty of the Director or Supervisor of the Beverage Department, or other officer, to seize every vessel, boat, cart, carriage, vehicle, automobile, truck, airplane, or other conveyance whatsoever, and all horses or other animals, and all things used in the transportation or removal of any still, still apparatus . . . mash or wash . . . or fermented liquids, or any such intoxicating beverages containing more than 1% of alcohol by weight, if the tax imposed by the Act has not been paid.

Section 562.35, Florida Statutes 1941, authorizes the seizure by the officers and a forfeiture to the State of Florida of all vessels, boats, carts, carriages, vehicles, automobiles,

trucks, airplanes or other conveyances and described property used in the removal or for the deposit or concealment of such beverages . . . and other materials incident thereto. Section 562.36, *supra,* provides that the presence, in any conveyance or place, of any beverage upon which a tax is imposed by the Beverage law, or would be imposed if such beverage were manufactured . . . and upon which the tax has not been paid, shall be prima facie evidence that such beverage is being removed, deposited or concealed with intent to defraud the State of Florida of such tax.

Section 562.39, Florida Statutes 1941, authorizes the seizure of property subject to forfeiture under the provisions of the Beverages law having a value of $1000.00, or less, and after seizure the forfeiture proceedings are viz: (1) the director shall list and appraise the seized property; (2) the Director shall publish a notice of seizure in a newspaper in the county where the property was seized once a week for four consecutive weeks, requiring any person claiming the property seized to present such claim within thirty days of the first publication.

Subsection (3) of Section 562.39, *supra,* provides that any person cliaming the property seized within the thirty day period, *supra,* may file with the director a claim stating his interest in the property seized and may execute a bond to the State of Florida in the penal sum of $500.00 with a surety company, conditioned that in case of forfeiture of the seized property the obligors will pay all the costs and expenses of the proceedings to obtain such forfeiture, including a reasonable attorneys' fee, and upon the delivery of the bond to the director, the proceedings to enforce the forfeiture shall continue as in the case where the property is of a value in excess of $1,000.00.

Subsection (2) of Section 562.40, Florida Statutes 1941, provides for the filing of an answer by any person asserting a claim to the property seized and sought by the petition to be forfeited, and the answer shall contain every defense desired to be interposed by such answer, and after the issues are settled, the circuit judge, as provided for in Subsection (3) of Section 562.40, shall proceed to try the issues, *without a jury,*

and according to his findings on the issues shall make such order as shall to the Court seem proper.

Subsections (2) and (3) of Section 562.39, *supra,* grant to persons claiming an interest in the seized property the right to appear in the cause and present his claim to the property and is required so to do within thirty days from the date of the first publication of notice. Likewise, the claimant of the seized property may file with the director of the beverage department a claim, stating therein his interest, if any, in the seized property, and by giving a bond for the penal sum of $500.00 payable to the State of Florida, conditioned that in case of forfeiture of the seized property, the obligors shall pay all costs and expense of the proceedings, inclusive of a reasonable attorneys' fee, the proceedings to enforce forfeiture shall continue and the case disposed of under the provisions of Section 562.40, which were followed in the case at bar.

Subsection (2) of Section 562.40, *supra,* grants to any person asserting *any* claim to the seized property the right to file an answer which shall contain *every defense desired and* Subsection (3) of Section 562.40 directs the circuit court to hear testimony in support of the issues and make findings and enter appropriate orders. The terms of the Act confer on circuit courts power to forfeit the ownership of enumerated property used in the violation of the Beverage act. If a person owns property and permits it to be used in the violation of the Act or personally so uses it, then the property so unlawfully used may in conformity with the Act by an appropriate order be declared forfeited to the State of Florida.

The several provisions of the Act grant to persons owning an interest in or having claims in the seized property, an opportunity to be heard, or their day in court for the purpose of filing pleadings, the submission to the court of testimony in support of the issues, or to establish to the satisfaction of the court: (1) that they were not at the time or place engaged in the violation of the terms of the Beverage Act; (2) that while they owned the seized property, it was used in the violation of the provisions of the Act without their knowledge, approval or consent; (3) that the owner had exercised

reasonable care and caution to prevent the unlawful use of the seized property, from which are deductible the inference that the Legislature intended a forfeiture of the enumerated items of property wilfully and intentionally employed in the violation of the Act, and fails to include the property of innocent third persons. It is generally recognized that forfeiture statutes, similar to the one before the court, should by the courts be strictly construed. The intention of the Legislature to forfeit the property of innocent third persons must appear by clear, accurate and positive language gleaned from the consideration of the entire Act.

Forfeitures are not favored in law or equity and a statute authorizing the same must by the courts be strictly construed. If statutes authorizing forfeitures are couched in uncertain or ambiguous language, the same will not be enforced. See McCaskill v. Union Naval Stores Co., 59 Fla. 571, 52 So. 961; State ex rel. Padgett v. Circuit Court etc., 110 Fla. 46, 148 So. 522; City of Miami v. Miller, 148 Fla. 349, 4 So. (2nd) 369; Lewis' Sutherland on Statutory Construction, Vol. 22 (2nd Ed.) par. 547, pp. 1019-20; 25 Am. Jur. par. 5, pp. 601-2.

The case of Skinner v. Thomas, 171 N. C. 98, 87 S. E. 976, involved facts and statutes similar to the case at bar. The Court held that the power to forfeit the property of innocent third persons must clearly and accurately appear by the terms or provisions of the Act. The right to forfeit private property of innocent third parties cannot be written into a statute by the Court. Such power is in the Legislative Department of our government.

The State of Nebraska enacted a statute similar to the Act now before this Court. In the case of State v. Jones-Hansen-Cadillac Co., 103 Neb. 353, 172 N.W. 36, the court had before it an innocent third person holding a mortgage of lien on the automobile used to transport whiskey. The lienors or mortgagees had not violated the law, neither did they encourage its violation, or have a knowledge that it was being violated, and the court held that the Act did not authorize the forfeiture of the automobile under such conditions and circumstances.

The case of General Motors Acceptance Corp. v. State, 118 Tex. 189, 12 S. W. (2nd) 968, involved a similar statute. The company sold to Carter, alias Knopp, a Buick roadster and took a conditional sales contract for the sum of $632.00 as the amount due on the purchase price of the car. It was seized by an officer when transporting liquor contrary to law. The court pointed out that the car standing alone was incapable of violating the law; that the lienors possessed a property right in the car protected by the fundamental law; that the Legislature recognized these rights by the terms of the Act by permitting or allowing innocent third parties to intervene and adjudicate these rights. The power to forfeit property of innocent third parties cannot be implied or read into the Act by the courts, but the power so to do must clearly appear in the Act.

For other cases reaching similar conclusions see: Vance v. State, 130 Miss. 251, 93 So. 881; One Hudson Super-Six Automobile, Etc., v. State, 77 Okla. 130, 187 Pac. 806; Moody v. McKinney, 73 S.C. 438, 53 S. E. 543; State v. McGraw, 191 Ia. 1090, 183 N.W. 593; State ex rel. Green v. Bird, 62 Mont. 408, 205 Pac. 241.

The challenged order of the lower court striking or dismissing the appellant's amended answer appears to have been bottomed largely on our holding in Scarborough v. Newsome, 150 Fla. 220, 7 So. (2nd) 321, on the possible theory that this court therein adopted the Federal decisions interpreting the Beverage Act. Our holding in the case was limited only to the constitutional questions decided. It was contended here during oral argument that if the forfeiture provisions of the Act can not be judicially interpreted and thereby extended to the designated items of property of innocent third parties, then the Act becomes impotent, powerless and unenforceable. Our answer to this contention is that the Legislature has the power to enact measures, while the judiciary is restricted to the construction or interpretation thereof. The power of the Court to forfeit the interest of Lembric in the Chevrolet car is not questioned on the record.

It is our conclusion that the amended answer stricken by the challenged order of the lower court states a legal de-

304

fense to the petition seeking a forfeiture of the Chevrolet car. Writ of certiorari is awarded and the order appealed from is quashed and the cause remanded for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

BUFORD, C. J., TERRELL, BROWN, THOMAS and ADAMS, JJ., concur.

SEBRING, J., not participating.