47 So.2d 693 (1950)
BOYLE
v.
STATE.
Supreme Court of Florida, Division B.
August 1, 1950.
Hal S. Ives and Russell H. McIntosh, West Palm Beach, for appellant.
Richard W. Ervin, Attorney General, and Murray Sams, Jr., Assistant Attorney General, for appellee.
ADAMS, Chief Justice.
This appeal is from a judgment forfeiting a sum of currency under Section 849.12, Fla. Stat. 1941, F.S.A.
The currency was obtained by the Sheriff of Palm Beach County while making a raid upon a gambling house pursuant to a search warrant. The trial court found:
"* * * that when the Sheriff and his Deputies entered the gambling room there were several persons standing around what was termed a `crap table'. On this table there were dice, cards, chips and a cigar box which had in it chips and currency. In addition, there was on the table, currency, later counted, in the sum of $993.00 in bills, which, as the Sheriff entered and announced the raid, was picked up from the table by one man, who endeavored to put the money in his pocket. However, on command of the Sheriff, this man replaced the money on the table. One of the men around the table had what was termed a `chip rake' in his hands, which was immediately placed on the table.
"The evidence does not indicate that at the second the Sheriff entered, anyone saw dice in action or cards being turned or dealt, or chips placed on the table or being withdrawn from it, or currency exchanged for chips or chips exchanged for currency. Nor did anyone hear words indicating that gambling was actually under way at that moment. While all of the equipment and personnel essential to gambling was present in the gambling room, no evidence indicates that anyone saw gambling being carried on.
"The defendant here, as an outgrowth of this raid, and the execution of the search warrant offered as an exhibit on which all of this currency was listed, entered a plea of guilty to the crime of violating the gambling laws. The defendant contends that he delivered $1,000.00 in currency to the man who had it, an employee in the gambling house, but to be used for the payment of rent, and that of this sum, the $993.00 which was observed by the raiding officers on the gambling table, was in fact a part. It is further contended that the money was never used for gambling, and that the employee of the defendant, was without authority to use it for gambling."
Upon this finding the trial court concluded that the money was being used for gambling purposes contrary to Section 849.12, Fla. Stat., F.S.A., and entered a judgment of forfeiture.
Forfeitures are not favored at law and this statute has been, and must now be, strictly construed. See Boston & Florida *694 Atlantic Coast Land Co. v. Alford, 150 Fla. 296, 8 So.2d 483. Chapter 849, Fla. Stat. 1941, F.S.A., deals with the crimes of gambling. Section 849.12, Fla. Stat. 1941, F.S.A., relates to forfeiture. The instances for forfeiture are:
1. "All sums of money and every other valuable thing drawn and won as a prize, or as a share of a prize, in any lottery * * *."
2. "All property to be disposed of, or offered to be disposed of, by chance or device under any lawful pretext by any person being an inhabitant or resident within this state * * *."
3. "All sums of money or other thing of value received by such person by reason of his being the owner or holder of any ticket or share of a ticket in a lottery, or pretended lottery, or a share of right in any such schemes of chance or such device contrary to the provisions of this chapter * * *."
Our conclusion is that the trial court misconstrued the statute. The trial court was of the opinion that the money was property to be disposed of by chance or device. That part of the statute reads: "* * * All property to be disposed of, or offered to be disposed of, by chance or device under any lawful pretext by any person being an inhabitant or resident within this state * * *." It will be observed that this part of the statute does not specify money or currency.
The preceding part of the statute does specify money and other things of value, and property to be disposed of under lawful pretext. But forfeiture would not lie here under the preceding clauses because the money was not drawn and won as a prize, nor was it to be disposed of under any lawful pretext. The statute must be given strict interpretation, because it is one providing for a forfeiture. Accordingly, the judgment is reversed with directions to dismiss the cause.
Reversed.
CHAPMAN, SEBRING and HOBSON, JJ., concur.