BOYD, Justice
(dissenting):
I respectfully dissent.
The case of Bruce v. Malloy,[1] did not rule on the question of whether boats and motors were “nets, traps or fishing devices” subject to forfeiture under F.S. § 372.31, F.S.A. In the Bruce case, the questions presented were whether the owner of the forfeited items was entitled to recover same after the period authorized by the court for repossession had expired, and whether conviction for violation of the fish and game laws was a condition precedent to forfeiture. Petitioners’ attempts to read anything further into the case are futile. The reliance of the majority on that case is incorrect.
No case is cited and none has been found where this Court has ruled on the question here presented.[2] The question remains to be resolved in accord with basic principles of statutory construction.
Statutes must not be construed to forfeit property unless from the statute itself it is clear that the legislature so intended. Forfeitures are not favored, and this Court should not search for an interpretation requiring forfeiture unless such a construction is unavoidable.[3]
The predecessor of Fla.Stat. § 372.31, F.S.A., was Chapter 4558, Acts of 1897, which prohibited use of seines and nets for catching food fishes in the rivers, creeks or bayous of the State and provided:
“Sec. 5. In all cases of arrest and conviction under this act, the party or parties so convicted shall forfeit all seines, nets, boats and other apparatus being used by them at the time of arrest in violating this act, and the said seines, nets, boats and other apparatus, after final judgment being confirmed against the said violators, shall be sold to the best advantage for the benefit of the county school fund in which the offense was committed. * * * ” (emphasis added)
Section 5 remained substantially unchanged despite other amendments to the Act in 1899 (Chapter 4789) and 1906 (Section 3771). The constitutionality of the forfeiture provision was upheld in Douglass v. Smith, 66 Fla. 460, 63 So. 844 (1913).
*734 In 1929, the legislature enacted Chapter 13644, § 25 which provided in pertinent part as follows:
“Section 25. DISPOSITION OF ILLEGAL FISHING DEVICES.. In all cases of arrest and conviction for use of illegal nets or traps or fishing devices or the illegal use of nets, traps or fishing devices, as provided in this Act, such net, trap, or fishing device is hereby declared to be a nuisance and shall be seized and carried before the court having jurisdiction of such offense and said court shall order such trap, net or fishing device forfeited to the Department of Game and Fresh-Water Fish immediately after trial and conviction of person in whose possession they were found. * * * ” (emphasis added)
The Legislature in the 1929 Act eliminated boats from property to be forfeited. Since motors are an integral part of boats, they were likewise eliminated. This was the first substantial change in the forfeiture provision in 32 years. Coincidental with modification of the forfeiture provision, the kinds of fishing activities and devices prohibited were increased beyond the netting and seining of food fish prohibited by earlier acts.[4] Subsequent amendments have retained the language “illegal nets or traps or fishing devices.”
The present act provides in pertinent part as follows:
“372.31 DISPOSITION OF ILLEGAL FISHING DEVICES. (1) In all cases of arrest and conviction for use of illegal nets or traps or fishing devices, as provided in this chapter, such illegal net, trap, or fishing device is declared to be a nuisance and shall be seized and carried before the court having jurisdiction of such offense and said court shall order such illegal trap, net or fishing device forfeited to the game and fresh water fish commission immediately after trial and conviction of the person in whose possession they were found. * 5fC i»C »
If the legislature had intended to include boats, motors and other items as property subject to forfeiture, it would have so provided. It is within the power of the legislature to so provide.[5] They have not done so and this Court is without that power.
The trial court and district court correctly interpreted the statute to allow forfeiture of the trap drag hook and line, soy bean cakes and wire traps but not the other property.[6]
I would affirm.

. 150 Fla. 157, 7 So.2d 123 (1942).

. See, State v. Carter, 13 Fla.Supp. 136 (Cir.Ct. Polk County 1958) holding boat and motor not subject to forfeiture under F.S. § 372.31, F.S.A. See also, 1947 Op.Atty.Gen. 047-141.

. Boyle v. State, 47 So.2d 693, 694 (Fla.1950); General Motors Acceptance Corp. v. State, 152 Fla. 297, 302, 11 So.2d 482, 484 (1943); City of Miami v. Miller, 148 Fla. 349, 350, 4 So.2d 369, 370 (1941); 37 C.J.S. Forfeitures §§ 4b, 5a.

. Chapter 13644, Laws of 1929 — “Section 24. LAWFUL METHODS OF TAKING FRESH WATER FISH. It shall be unlawful to take or attempt to take any fresh water fish from the fresh waters of the State of Florida by means of any device except hook and line, rod and reel, bob, spinner or troll, unless specifically permitted by this Act. The possession of nets, baskets, traps, gigs, dynamite or similar devices in or upon the fresh waters of the State of Florida (except as permitted by this Act) shall be unlawful. * * * ”

. See e. g., F.S. § 370.061, F.S.A.: “In all cases of arrest and conviction for the illegal taking, or attempted taking, sale, possession or transportation of salt water fish or other salt water products; such salt water products, seines, nets, boats, motors or other fishing devices or equipment, and such vehicles or other means of transportation used in connection with such illegal taking or attempted taking are hereby declared to be nuisances and shall be seized and carried before the court having jurisdiction of such offense, and said court shall order such nuisances forfeited to the state board of conservation
F.S. § 398.24, F.S.A.: “Any vehicle, boat or aircraft which has been or is being used for or in the violation of the uniform narcotic drug law of Florida, shall be seized and forfeited to the state.

.Property held not subject to forfeiture included: 12 volt battery, wooden boxes, a pair of rain pants, styrofoam ice chest, paddles, a 15 gallon garbage can, a tub, an Eig Derringer and holster.