251 So.2d 849 (1971)
AZTEC MOTEL, INC., et al., Appellants,
v.
STATE ex rel. Earl FAIRCLOTH, Attorney General of the State of Florida, Appellee, (Two Cases).
Nos. 39299, 39350.
Supreme Court of Florida.
June 30, 1971.
Rehearing Denied July 29, 1971.
*850 Arthur B. Stark, of Koeppel, Stark, Marks & Newman, Miami, for appellants.
Robert L. Shevin, Atty. Gen., Eugene P. Spellman, Special Asst. Atty. Gen., Ronald W. Sabo, Asst. Atty. Gen., and Herbert P. Benn, Deputy Atty. Gen., for appellee.
ADKINS, Justice.
The Attorney General of the State of Florida instituted proceedings against the *851 Appellants (hereinafter referred to as the Defendants) by filing a complaint in the Circuit Court under the provisions of Fla. Stat. § 932.58,[1] § 932.59,[2] and § 932.60,[3] F.S.A. The Defendants attacked the constitutionality of the statutes involved by a *852 motion to dismiss. On December 9, 1969, the motion to dismiss on constitutional grounds was denied and on December 12, 1969, an amended order denying the motion to dismiss was entered.
Interlocutory appeal was taken by the Defendants from the order denying their motion to dismiss. It should be noted that Rule 2.1, subd. a(5) (a), F.A.R., 32 F.S.A., provides that this Court may directly review interlocutory orders passing upon chancery matters which upon final judgment would be directly appealable to the Supreme Court. Fla. Const., art. V, § 4(2), (1968), F.S.A., provides that this Court may directly "review by certiorari" interlocutory orders passing upon chancery matters which upon a final judgment would be directly appealable to the Supreme Court. The rule prescribes the use of an interlocutory appeal as the procedure by which an interlocutory order in chancery matters may be reviewed, but the constitution limits the nature and extent of the review to that authorized by certiorari proceedings. We accept jurisdiction.
The State argues that there are at least three power sources for the statutes: (1) the power to charter corporations; (2) the police power regarding business regulations; and (3) the common law authority of the Attorney General.
It is true that the right to act as a corporation does not belong to the citizens by common right, but is a special privilege. 18 Am.Jur.2d, Corporations, § 24. But once a charter is granted a corporation, the charter becomes a contract and the law in force at the time of such a contract enters into it. County Commissioners of Columbia County v. King, 13 Fla. 451 (1871); Marion Mortgage Co. v. State ex rel. Davis, 107 Fla. 472, 145 So. 222 (1932).
In Ex parte Amos, 94 Fla. 1023, 114 So. 760 (1927), this Court said:
"A franchise is property within the meaning of the Constitution, and in respect of its enjoyment and protection it is regarded by the law precisely as any other property."
The Court then held that the franchise of a corporation may be subject to forfeiture because of an abuse or misuse of the rights and powers thereby granted, but that such a result could be attained, as a general rule, only by the judgment of a competent tribunal in a legal proceeding instituted directly for that purpose in which the cause of the forfeiture is judicially ascertained and in which the grantee of the franchise is afforded reasonable notice and an opportunity to be heard according to the ordinary course of law.
The Legislature cannot, by any contract, divest itself of the power to provide for the protection of the lives, health and property of citizens, and the preservation of good order and public morals. All rights, including some under charters of corporations, are held subject to the police power of the State. See Annotation, 9 L.R.A. 33, text 35.
So it is that courts will look through the screen of corporate entity to the individuals who compose it in cases in which the corporation is a mere device or sham to accomplish some ulterior purpose, or is a mere instrumentality or agent of another corporation or individual owning all or most of its stock, or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose. Mayer v. Eastwood-Smith Co., 122 Fla. 34, 164 So. 684 (1935).
As argued by the Attorney General, the State, under its police power, may exercise its sovereign right to promote order, safety, health, morals and general welfare of society within constitutional limits. See Lincoln Federal Labor Union v. Northwestern I. & M. Co., 149 Neb. 507, 31 N.W.2d 477, 478 (1948).
"When any business, lawful in nature, is such that it may be conducted in such *853 a way as to become harmful to the public or when supervision is necessary to confine it to legitimate channels, the state has a right to throw around it such safeguards as will fully protect the public." 16 Am.Jur.2d, Constitutional Law, § 314, p. 613.
"The police power is not to be confined narrowly within the field of public health, safety or morality. It is within the police power to regulate occupations or businesses which, by their nature, their location, or the manner in which they are conducted, if conducted without restriction, are or may be materially injurious to the public health, morals, comfort, prosperity or convenience, or otherwise detrimental to the general welfare." Rotenberg v. City of Fort Pierce, 202 So.2d 782 (Fla.App.4th, 1967)
"It is also well established that, when a state exerting its recognized authority undertakes to suppress what it is free to regard as a public evil, it may adopt such measures having reasonable relation to that end as it may deem necessary in order to make its action effective." Pompano Horse Club v. State, 93 Fla. 415, 111 So. 801, 805 (1927)
It should be noted that the statutes under attack are not aimed at a corporation used as a mere device to accomplish an ulterior purpose, fraud, or illegal act. They are directed toward one or more individuals engaged in or associated with illegal activities who represent, control or manage a corporation engaged in a lawful business.
Even in the absence of statute, if all the stockholders or members of a corporation, acting as individuals instead of by formal corporate action, do illegal acts which, if done by formal corporate action, would be ground for forfeiting the charter of the corporation and dissolving it, the fiction of corporate entity apart from the members will be disregarded and such action of the stockholders or members will be treated as the action of the corporation in a proceeding by the state to forfeit the charter. See 18 C.J.S. Corporations § 7(b). The statutes under consideration attempt to modify this general rule so that a corporation may be dissolved because of the illegal acts of less than all the stockholders or members of a corporation. In other words, the factual situations under which the corporation would be dissolved are not necessarily such as would warrant the court to disregard the corporate entity on the ground that the corporation itself was being used to accomplish an illegal act.
With this distinction in mind, we consider Defendants' contention that the statutes involved are all vague, indefinite and ambiguous so that they do not constitute proper notice of activities which they purport to prohibit and further do not adequately provide any ascertainable standard, in violation of the due process clause of Fla. Const., art. I, Declaration of Rights, § 9, (1968), and the Fifth and Fourteenth Amendments to the United States Constitution. On the other hand, the Attorney General says that the statutes clearly fall within the constitutionally permissible standards setting forth the validity of regulatory statutes of a remedial nature imposing civil sanctions.
The statutes involved clearly impose a forfeiture or penalty. Under their provisions a corporation, engaged in lawful endeavors, may be required to forfeit its charter and be involuntarily dissolved because of activities of one or more officer, director, stockholder, or agent. As succinctly stated in General Motors Acceptance Corp. v. State, 152 Fla. 297, 11 So.2d 482 (1943),
"Forfeitures are not favored in law or equity and a statute authorizing the same must by the courts be strictly construed. If statutes authorizing forfeitures are couched in uncertain or ambiguous language, the same will not be enforced." *854 See also, 19 F.L.P., Penalties and Forfeitures, § 6.
An act of the Legislature, to have the force and effect of a law, must be reasonably definite and certain. 82 C.J.S. Statutes § 68a. This is an essential element of due process of law. The constitutional requirement of definiteness is violated by an enactment that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held responsible for conduct which he could not reasonably understand to be proscribed. The vice of vagueness in statutes is the treachery they conceal in determining what persons are included or what acts are prohibited.
The due process of law clause of the State Constitution (Fla. Const. art. I, § 9), and of the United States Constitution (Fourteenth Amendment) extends to property held and used by corporations. Seaboard Airline Ry. v. Simon, 56 Fla. 545, 47 So. 1001, 20 L.R.A.,N.S., 126, 16 Ann. Cas. 1234 (1909).
The statutes authorize the forfeiture of the charter of a corporation if any one of the designated persons "engaged in activities," such as specified "organized" activities, or if such person "is connected directly or indirectly with organizations, syndicates or criminal societies engaged in such activities." The statutes elude to organized gambling, indicating that persons holding gambling licenses in Las Vegas or pari-mutuel permits within the State of Florida could, under the terms of the statute, be subject to corporate forfeiture or permanent injunction from continuing certain legal businesses within the state.
The infirmity in the statutes is that they are too vague, indefinite and uncertain to constitute notice of the acts which may result in the forfeiture of the charter of a corporation or the enjoining of the operation of a business. The statutes contain no standard by which the proscribed acts may be determined.
No matter how laudable a piece of legislation may be in the minds of its sponsors, objective guidelines and standards must appear expressly in the law or be within the realm of reasonable inference from the language of the law. See Smith v. Portante, 212 So.2d 298 (Fla. 1968).
The effort to correct a purported evil as recommended by a crime commission is commendable, but, when the means employed clash with our Constitution, this Court is compelled to follow organic law. The protective wall safeguarding the constitutional rights of all our citizens should not be pierced, or even cracked, by public opinion.
The statutes, being in violation of the due process clauses of the Florida and United States Constitutions, are unconstitutional and void.
It is unnecessary to pass upon the other constitutional questions.
The order of the trial court is reversed and the cause is remanded with instructions to enter an order dismissing the complaint with prejudice.
It is so ordered.
ROBERTS, C.J., ERVIN and DREW (Retired), JJ., and SPECTOR, District Court Judge, concur.
BOYD, J., dissents.
NOTES
[1] § 932.58 "Forfeiture of charter and revocation of permit.  The department of legal affairs is authorized to institute civil proceedings in the circuit court to forfeit the charter of a corporation organized under the laws of this state or to revoke the permit authorizing a foreign corporation to conduct business in this state, when:

"(1) Any of the corporation officers or any other person controlling the management or operation of such corporation, with the knowledge of the president and a majority of the board of directors or under such circumstances wherein the president and a majority of the board of directors should have knowledge, is a person or persons engaged in activities such as organized violent revolutionary or unlawful activity aimed at the overthrow of the government of the state or any of its political subdivisions, institutions, or agencies, organized homosexuality, organized crimes against nature, organized prostitution, organized gambling, organized narcotics, organized extortion or organized embezzlement or who is connected directly or indirectly with organizations, syndicates or criminal societies engaging in such activities; or
"(2) A director, officer, employee, agent or stockholder, acting for, through or on behalf of such corporation, has, in conducting the corporation's affairs, purposely engaged in a persistent course of violent revolutionary or unlawful activity aimed at the overthrow of the government of the state or any of its political subdivisions, institutions or agencies, homosexuality, crimes against nature, intimidation and coercion, bribery, prostitution, gambling, extortion, embezzlement, unlawful sale of narcotics or other such illegal conduct, with the knowledge of the president and a majority of the board of directors or under such circumstances wherein the president and a majority of the board of directors should have knowledge, with the intent to compel or induce other persons, firms or corporations to deal with such corporation or engage in any such illegal conduct, and for the prevention of future illegal conduct of the same character, the public interest requires the charter of the corporation to be forfeited and the corporation to be dissolved or the permit to be revoked."
[2] § 932.59 "Enjoining operation of a business.  The department of legal affairs is authorized to institute civil proceedings in the circuit court to enjoin the operation of any business other than a corporation, including a partnership, joint venture, or sole proprietorship, when:

"(1) Any person in control of any such business, who may be a partner in a partnership, a participant in a joint venture, the owner of a sole proprietorship, an employee or agent of any such business, or a person who, in fact, exercises control over the operations of any such business, has, in conducting its business affairs, purposely engaged in a persistent course of violent revolutionary or unlawful activity aimed at the overthrow of the government of the state or any of its political subdivisions, institutions or agencies, homosexuality, crimes against nature, intimidation, coercion, bribery, prostitution, gambling, extortion, embezzlement, unlawful sale of narcotics or other such illegal conduct with the intent to compel or induce other persons, firms or corporations to deal with such business or engage in any such illegal conduct, and
"(2) For the prevention of future illegal conduct of the same character, the public interest requires the operation of the business to be enjoined."
[3] § 932.60 "Institution and conduct of proceedings. 

"(1) The proceedings authorized by § 932.58, may be instituted against a corporation in any county in which it is doing business, and the proceedings shall be conducted in accordance with the Florida rules of civil procedure and the applicable rules of court. Such proceedings shall be deemed additional to any other proceeding authorized by law for the purpose of forfeiting the charter of a corporation or revoking the permit of a foreign corporation.
"(2) The proceedings authorized by § 932.59, may be instituted against a business other than a corporation in any county in which it is doing business and the proceedings shall be conducted in accordance with the Florida rules of civil procedure and the applicable rules of court."