FRANK D. UPCHURCH, Judge.
This is an appeal from a judgment of forfeiture of $73,500 which appellant Hoover had used to purchase 300 pounds of marijuana during an undercover drug operation. At the forfeiture hearing, Hoover argued that the currency was not subject to forfeiture under chapter 943, Florida Statutes (Supp.1980). The trial court held that the currency was contraband as defined in section 943.41(2)(a), Florida Statutes (Supp. 1980), and ordered the $73,500 forfeited.
The question on appeal is whether the Florida Contraband Forfeiture Act makes United States currency used to purchase illegal drugs subject to forfeiture. Hoover contends that as a matter of law currency, even though used to purchase illegal drugs, is not subject to forfeiture.
Sections 943.41-943.44 comprise what is known as the “Florida Contraband Forfeiture Act.” Section 943.41(2), Florida Statutes (Supp.1980), defines “contraband article” as:
(a) Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which has been, is being, or is intended to be used in violation of any provision of chapter 893. (emphasis added)
Section 943.42, Florida Statutes (Supp. 1980), provides that:
It is unlawful:

(4) To conceal or possess any contraband article.
Hoover admits that as the $73,500 was used to purchase marijuana in violation of section 893.135(1)(a)(1),[1] the currency is contraband pursuant to section 943.41(2)(a) and that its possession is unlawful pursuant to section 943.42(4). However, Hoover notes that forfeitures are not favored and that' the statutes authorizing forfeitures must be strictly construed. See, e.g., Boyle v. State, 47 So.2d 693 (Fla.1950); City of Miami v. Miller, 148 Fla. 349, 4 So.2d 369 (Fla.1941). While conceding that the currency is contraband and its possession unlawful, Hoover argues that chapter 943 fails to strictly provide for its forfeiture.
In support of his contention, Hoover refers to certain amendments to the act effec *125 tive July 1, 1980. Prior to 1980, section 943.43 provided as follows:
Forfeiture of vessel, motor vehicle, or aircraft; exceptions. — Any vessel, motor vehicle, or aircraft which has been or is being used in violation of any provision of s.943.42 or in, upon, or by means of which, any violation of said section has taken or is taking place shall be seized and may be forfeited. No vessel, motor vehicle, or aircraft used by any person as a common carrier in the transaction of business as a common carrier nor any other vessel, motor vehicle, or aircraft shall be forfeited under the provisions of ss.943.41-943.44, unless the owner or person legally in charge of such vessel, motor vehicle, or aircraft was at the time of the alleged illegal act a consenting party or privy thereto. No vessel, motor vehicle, or aircraft shall be forfeited under the provisions of ss.943.41-943.44 by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, motor vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of this state or any political subdivision thereof, any other state, or the United States, (emphasis added)
In 1980, the Legislature rewrote section 943.43 as follows:
Forfeiture of vessel, motor vehicle, aircraft, other personal property, or contraband article; exceptions.- — (1) Any vessel, motor vehicle, aircraft, and other personal property which has been or is being used in violation of any provision of s.943.42 or in, upon, or by means of which, any violation of said section has taken or is taking place, as well as any contraband article involved in the violation, shall be seized. All rights and interest in and title to contraband articles or contraband property used in violation of s.943.42 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interests in accordance with this act. Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act. In any incident in which possession of any contraband article defined in s.943.41(2)(a)-(d) constitutes a felony, the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture. It shall be presumed in the manner provided in s.90.-302(2) that the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure, is being used or was intended to be used in a manner to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of a contraband article defined in s.943.41(2)(a)-(d). (emphasis added)
A comparison of the two provisions shows that the words “and may be forfeited” were deleted and that the sentence underlined above was added in 1980. Based on these changes, Hoover argues that forfeiture is now permitted only in those situations in which possession of contraband constitutes a felony and even then, forfeiture is permitted only for those vessels, motor vehicles, aircraft or personal property in or on which the contraband is located.
We reject this contention. Statutory provisions relating to the same subject matter must be read in pari materia. Major v. State, 180 So.2d 335 (Fla.1965). In State v. Gale Distributors, 349 So.2d 150, 153 (Fla.1977), the Florida Supreme Court stated:
[I]t is a cardinal rule of statutory construction that the entire statute under consideration must be considered in determining legislative intent, and effect must be given to every part of the section and every part of the statute as a whole. From a view of the whole law in pari materia, the court will determine legislative intent.
To give section 943.43 the meaning suggested by Hoover would result in the nulli *126 fication of other portions of the act. For example, section 943.44(1) provides that “The state attorney within whose jurisdiction the contraband article, vessel, motor vehicle, aircraft, or other personal property has been seized ... shall promptly proceed against the contraband article, vessel, motor vehicle, aircraft, or personal property ... and may have such contraband article, vessel, motor vehicle, aircraft, or other personal property forfeited ... upon producing due proof that the contraband article, vessel, motor vehicle, or other personal property was being used in violation of the provisions of such laws.” Section 943.-44(3)(b) provides that “any forfeited money or currency, ... shall be equitably distributed. ...”
Hoover’s contention that only vessels, motor vehicles, aircraft and personal property containing contraband are subject to forfeiture would render meaningless the words “contraband articles” and “forfeited money or currency” used in the provision cited above. Courts cannot presume that the legislature employed useless language in enacting a statute. See Times Publishing Co. v. Williams, 222 So.2d 470 (Fla. 2d DCA 1969). Hoover’s conclusion that forfeitures are limited to vessels, motor vehicles, aircraft, or personal property in which contraband is located fails to view the contraband forfeiture act in pari materia and results in the nullification of other portions of the act.
Hoover’s interpretation of the forfeiture provisions is also contrary to the legislative intent behind the act. An elementary rule of statutory construction is that effect must be given to the intention of the legislature. Singleton v. Larson, 46 So.2d 186 (Fla.1950); Sunshine State News Co. v. State, 121 So.2d 705 (Fla. 3d DCA 1960). To ascertain this intent, courts must look to the history, objective and purpose of the legislation. Singleton v. Larson; Sunshine State News Co. v. State.
The Florida Uniform Contraband Transportation Act, retitled The Florida Contraband Forfeiture Act in 1980,[2] was enacted as part of chapter 73-331, Laws of Florida.[3] As expressed in its introductory language, the intent of the Legislature was that the “State of Florida exercise more authority over manufacture and distribution of dangerous drugs.” The Legislature also intended that the Florida forfeiture statute be in uniformity with its federal counterpart.
Title 49 U.S.C. §§ 781 and 782 are the federal counterparts to the Act and are substantially similar. See Griffis v. State, 356 So.2d 297 (Fla.1978). In the 1950 amendment to the federal forfeiture statute, the congressional committee report accompanying the amendment clearly expressed the legislative intent:
Enforcement officers of the Government have found that one of the best ways to strike at commercialized crime is through the pocketbooks of the criminals who engage in it.... The proposed legislation is intended to provide additional means of combating this nefarious activity.
Griffis v. State, 356 So.2d at 300.
Sections 943.41(2)(a) and 943.42(4) of the Florida Contraband Forfeiture Act make the possession of currency or other means of exchange used in violation of chapter 893 (Drug Abuse Prevention and Control) illegal. We construe sections 943.-43 and 943.44 of the act as providing for the seizure and forfeiture of such contraband.
AFFIRMED.
DAUKSCH, C. J., and COWART, J„ concur.

. Section 893.135, Florida Statutes (1979), provides in part as follows:
(1) Except as authorized in this chapter or in chapter 500:
(a) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of 100 pounds of cannabis is guilty of a felony of the first degree, which felony shall be known as “trafficking in cannabis.” If the quantity of cannabis involved:
(1) Is in excess of 100 pounds, but less than 2,000 pounds, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 calendar years and to pay a fine of $25,000.

. § 943.41(1), Fla.Stat. (Supp.1980).

. The language of sections 943.41 through 943.-44 was originally contained in section 893.12, Florida Statutes (1975).