ZEHMER, Judge
(dissenting).
I would reverse the judgment of forfeiture. Mrs. Etheridge presented a prima facie defense that she neither knew nor should have known that her husband would use her vehicle in the transportation of illicit drugs on the occasion in question, or on any other occasion for that matter. Even though appellee presented evidence of Mrs. Etheridge’s prior statement acknowledging her husband’s occasional use of her car to transport her children, this served only to impeach her credibility regarding her husband’s lack of authorization to use the vehicle. Appellee presented no substantive evidence tending to establish that Mrs. Etheridge either knew or should have known that "her husband would use the car for the illegal transportation of contraband drugs.
The general references to her husband’s “prior criminal record” during the examination of witnesses included references to “arrests” without regard to the nature or disposition of the charge underlying the arrest, and the testimony never indicated that her husband had ever been involved in the use or transportation of illicit drugs. The trial court and the majority opinion refer only to the fact that Mrs. Etheridge had knowledge that her husband had a prior criminal record and that he drove with a suspended license, and based on this information concluded that she somehow knew or should have known that he might also use the car for other unspecified criminal purposes. They do not say that she should have known he would use the car for the illegal transportation of drugs as charged in the criminal information. Yet, it is solely on this basis that they hold her to the requisite knowledge under the statute, finding this evidence sufficient to contradict her testimony to the contrary.
I conclude that the majority decision constitutes an erroneous application of the forfeiture statute. I believe that section 932.-703(2), Florida Statutes (1989), providing that the innocent owner’s property cannot be “forfeited under the provisions of ss. 932.701-932.704 if the owner of such property establishes that [s]he neither knew, nor should have known after a reasonable inquiry, that such property was being employed or was likely to be employed in criminal activity,” means that the owner’s knowledge (knew or should have known) must relate to the “criminal activity” giving rise to the forfeiture, not to some vague and unspecified general criminal activity that may or may not fall within the strictures of the forfeiture statute. Forfeiture statutes are penal in nature and must be strictly construed. Department of Law Enforcement v. Real Property, etc., 588 So.2d 957 (Fla.1991). General Motors Acceptance Corp. v. State, 152 Fla. 297, 11 So.2d 482 (1943); Cabrera v. Dept. of Natural Resources, 478 So.2d 454 (Fla. 3d *1091 DCA 1985).[1] This strict construction of the statute, properly applied in this case, mandates reversal. I cannot join the majority in ruling otherwise.

. See also 39 Fla.Jur.2d Penalties and Forfeitures § 6 (1982).