THE STATE OF FLORIDA ex rel. E. H. PADGETT, D. J. MAHONEY, F. SAXON, NEWELL BOWEN and FRED WALSTON, individually and as co-partners under the name and style of Magic City Novelty Company, VINCENT C. GIBLIN and J. F. GORDON, *Relators,* v. THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA in and for Dade County, and the Honorable WORTH W. TRAMMELL, one of the Judges of the said Circuit Court, *Respondents.*

148 So. 522.

Division B.

Opinion filed May 3, 1933.

*Vincent C. Giblin,* for Relators;

*Vernon Hawthorne, State Attorney,* and *Bart A. Riley,* for Respondent.

BUFORD, J.—The record in this case shows that certain slot machines were brought under subpoena *duces tecum* before the Grand Jury of Dade County; that the machines were operated by or in the presence of the Grand Jury and $2731.26 was taken from them.

By order of the grand jury, the machines and the money were delivered to the Clerk of the Circuit Court with directions to the Clerk of the Circuit Court to keep and retain the same in the registry of the Circuit Court, subject to the order of the said court.

Padgett, Mahoney, Saxon, Bowen and Walston claimed to be the owners of the machines and the money. They assigned the money to Giblin and Gordon. They were indicted for the crime of conducting a lottery by use of such machines. The indictment was certified to the Criminal Court of Record of Dade County where they were informed against by the County Solicitor and were in the latter court convicted.

While it appears immaterial, the record shows that Messrs. Gibson and Gordon filed a petition praying an order of the Circuit Court for the delivery of the money to them as assignees of the owners. The petition was denied.

The States Attorney, Honorable Vernon Hawthorne, filed a petition in the Circuit Court amongst other things pray-

ing that the money be adjudged forfeited to the State and that it be transferred to and deposited in the Fine and Forfeiture Fund of Dade County. In this petition it was prayed that the rule *nisi* be issued to Messrs. Giblin and Gordon to show cause why the said money should not be adjudged forfeited and be transferred to and deposited in the Fine and Forfeiture Fund of Dade County. Messrs. Giblin and Gordon appeared and demurred to the petition. The demurrer was overruled and order was made in accordance with the prayer of the petition.

The petitioners herein then filed suggestion for writ of prohibition to issue whereupon rule *nisi* was issued to a Judge of the Circuit Court of Dade County requiring him to show cause why he should not be prohibited by order of this Court from exercising jurisdiction under such a petition.

The sole question presented here is whether or not the Circuit Court had jurisdiction to adjudge a forfeiture of the money delivered to the Clerk of the Circuit Court by the grand jury in the sum of $2731.26, which was alleged by the grand jury presentment to the Circuit Court to have been extracted from the above mentioned slot machines.

The record does not show that there has ever been any adjudication of forfeiture of the money by a court of competent jurisdiction.

Circuit Courts under Section 11 of Article V of the Constitution have exclusive original jurisdiction in all cases in equity and also in all cases at law not cognizable by inferior courts and in all cases involving the legality of any tax, assessment or toll; of all actions in ejectment and of all actions involving titles or boundaries of real estate, etc."

The Civil Court of Record of Dade County has *exclusive*

original jurisdiction in all cases at law including writs of attachment and garnishment where the matter in controversy does not exceed, exclusive of interest and costs, the sum or value of $5,000, etc. Section 1, Chapter 11357, Acts 1925, Extra Session; Sec. 5156 Comp. Gen. Laws. Now it is clear that the matter in controversy here does not exceed $5000.00. The matter in controversy is the sum of money in the sum of $2731.26.

It is the contention of the respondent through the States Attorney that the Circuit Court, being in possession of the fund, is authorized to declare it forfeited and to order it transferred to the Fine and Forfeiture Fund of the county under the provisions of Section 5512 R. G. S., 7670 C. G. L.

The Circuit Court did not have jurisdiction of the offense for the purpose of a trial and conviction of which the defendants were convicted and concerning which the slot machines were originally seized as evidence. The particular statute under which the Circuit Judge purports to be acting is Section 5512 R. G. S., *supra,* and is as follows:

"All sums of money and every other valuable thing drawn and won as a prize, or as a share of a prize, in any lottery, and all property to be disposed of, or offered to be disposed of, by chance or device under any lawful pretext by any person being an inhabitant or resident within this State, and all sums of money or other thing of value received by such person by reason of his being the owner or holder of any ticket or share of a ticket in a lottery, or pretended lottery, or a share of right in any such schemes of chance or such device contrary to the provisions of this Article, shall be forfeited, and may be recovered by civil proceedings, filed, or by an action for money had and received, to be brought by the Attorney General or any State Attorney, or other prosecuting officer; in the name and on

behalf of the State; the same to be applied when collected as all other penal forfeitures are disposed of."

Our view is that this section of the statutes clearly contemplated that there should be an adjudication of forfeiture in a court of competent jurisdiction. That it is the purpose of the statute to limit the power of the courts to declare forfeitures in cases to which the statute is applicable so that in such cases private property may not be taken without due process of law. The reason for such statute is obvious for the protection of individual rights. In this case for instance there is no record of any evidence taken before any court that the money found in the slot machines was put there in a gambling or lottery operation. *Non constat,* the money may have been put in the machines by the owners of the machines. It appears that the officers have assumed what may be quite true, that the money was placed in the machines as the same were used in conducting a lottery, but before private property is forfeited to the State there must be evidence before a court of competent jurisdiction of the existence of the right of forfeiture. A person found with gambling devices in his possession may be convicted and a part of the judgment of conviction may be the forfeiture of the gambling devices but that is not this case. In this case the indictment charged certain defendants with using slot machines in the operation of a lottery. That indictment was returned in a circuit court which did not have jurisdiction to try the cause. The indictment was then transferred to the Criminal Court of Record and that court proceeded in an orderly manner to try the cause on information filed therein and a conviction was had. But we find in the record no evidence of the judgment of forfeiture of this money along with that judgment of conviction.

Our construction of the statute is that there must be a judicial determination of the right of forfeiture in such cases as the one before us; that adjudication must be by a court of competent jurisdiction; that in this case the Circuit Court of Dade County is without jurisdiction because the amount involved is less than $5000.00. The State claims this amount as being subject to forfeiture. The record shows that others, the petitioners, here, claimed the legal right to the ownership and possession of the fund. The Civil Court of Record of Dade County is the proper tribunal in which their differences should be adjudicated.

The rule in prohibition should be made absolute and perpetual insofar as the same prohibits the Circuit Court from enforcing its order of forfeiture heretofore referred to, and it is so ordered. This should not be construed to mean, however, that the Circuit Court may not order, direct and require the fund to be transferred to and deposited in the registry of the Civil Court of Record of Dade County, there to remain until lawfully disposed of by the orders and judgments of that court.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., concurs specially.

ELLIS, J., concurs in the opinion and judgment.

TERRELL, J., concurs in the conclusion.

DAVIS, C. J. (Concurring specially).—I concur in the conclusion reached by Mr. Justice BUFORD that a writ of prohibition absolute should issue in this case, but not for the same reasons, or on the same view of the law that he has expressed.

My view is that the following portion of Section 5512 R. G. S., 7670 C. G. L., is complete in itself and must be considered as separated from the latter portion of the same statute:

"All sums of money and every valuable thing * * * and all property to be disposed of, or offered to be disposed of by chance or device under any lawful pretext * * * and all sums of money or other thing of value received by such person by reason of his being the owner or holder of any ticket or share of a ticket in a lottery, pretended lottery, or a share of right in any such schemes of chance or such device contrary to the provisions of this article, shall be forfeited, etc."

The remaining portion of the statute provides for a "recovery" by civil proceedings filed, or by an action for money had and received, to be brought by the Attorney General or any State Attorney, or other prosecuting officer, in the name of or on behalf of the State and relates to a means for "recovery" of the *amount* of any sum of money or valuable thing, and not a "forfeiture" of the thing itself through seizure and confiscation of what is seized. In other words, the proceedings last mentioned are to be resorted to only when "recovery" of the *amount* of any "forfeited" gambling or lottery stake is sought from him who has it, or who has received it, while a "forfeiture" of the thing itself is accomplished under Section 7665 C. G. L., 5507 R. G. S., in a different way. The latter Section does not require the same proceedings as for a "recovery" under Section 7670 C. G. L., *supra.*

Section 7665 C. G. L., 5507 R. G. S., which provides for the "disposition" of forfeited gambling paraphernalia, reads as follows:

"The sheriff or any peace or police officer, when any of the implements, devices or apparatus commonly used for gambling purposes are found in any house, room, booth or other place, used for the purpose of gambling, shall seize the same and hold them subject to the discretion of the

court, to be used as evidence, and afterwards the same shall be publicly destroyed in the presence of witnesses under order of the court to that effect."

Money found in mechanism of seized gambling or lottery devices may under Section 7665 C. G. L., *supra,* be considered dealt with and disposed of as a part of the unlawful devices seized, that is, may be regarded as having been "forfeited" *eo instanti* the time of seizure, whether the persons criminally liable were apprehended or not. Dorrell v. Clark, 90 Mont. 585, 4 Pac. (2nd) 712, 79 A. L. R. 1000. But the "forfeiture" ordained by the statute, while not so directly expressed in the law, is necessarily to the State in the first instance. But insofar as money is concerned, it is ultimately for the use and benefit of the county wherein the seizure has been made. See Section 9 of Article XVI which provides that all fines and "forfeitures" collected shall be paid into the county treasuries of the respective counties.

So the statutes mean, as I construe them, that gambling devices and moneys which are a part thereof may both be disposed of as having been "forfeited" to the State in the first instance. Thereupon, the State having acquired title to same by "forfeiture" when seized *flagrante delicto,* directs by law that the machines be destroyed as provided by Section 7665 C. G. L., *supra,* and leaves it to the Constitution to direct what shall be done with the forfeited money, which is to pay it into the fine and forfeiture fund, an order of court made under authority of Section 7665 C. G. L. *supra,* being required for that purpose and it must be done directly by the seizing officer himself.

But the "forfeiture" authorized is strictly *in rem* and the "forfeiture" of money is only authorized as an incident

to the destruction of the unlawful machine from which the money is taken and must take place at the time of the order for the machine's disposition.

Jurisdiction to summarily forfeit by a proceeding *in rem* either money or property seized *flagrante delicto* in violation of a law providing that same may be summarily ordered forfeited by seizure while being used in the act of committing crime, depends upon (1) actual seizure, (2) continued retention of possession in *custodia legis,* (3) strict adherence to statutory steps required to be taken *in disposing of* what is seized, either by destroying it, or by paying it or its proceeds into the public treasury.

While it has long been settled that judicial proceedings are not necessary to constitute due process of law under a statute authorizing forfeiture of either property or money seized while being used to violate the law, the proceedings being *in rem* and jurisdiction to entertain it being acquired by the actual seizure in the guilty act. (Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. Rep. 499, 38 L. Ed. 3850.) Yet in every case, due process of law contemplates strict compliance with the statutes where under the law an officer making seizure of forfeited property innocuous *per se* is required to pursue a certain course to complete what the law requires to be done to make its forfeiture perfect.

In the instant case, there is an attempt to conduct in the Circuit Court a separate judicial proceeding for forfeiture of moneys which, if a separate judicial proceeding is authorized at all to adjudge a forfeiture as claimed, should be in the court having jurisdiction of the amount involved. This is not the Circuit Court.

Therefore I think that it is sufficient in the present case to say as has Mr. Justice BUFORD that the attempted exercise of jurisdiction to *adjudicate* a forfeiture in the Circuit Court

is unauthorized on any theory so a writ of prohibition absolute should issue.

But the money now in court is subject to the court's temporary disposition by an order directing that it be paid over to the fine and forfeiture fund of Dade County without any preliminary *adjudication* of its ownership. In that case any lawful claimant of such money would thereafter have his right under the law to subsequently sue for such moneys in an action against the county for money had and received by it for claimant's use. Such suits would appear to be maintainable under the same circumstances that taxes and other moneys compulsorily required to be paid into a public treasury without the owner's consent can be sued for and recovered when paid in under protest.