STATE, *ex rel.* E. H. PADGETT, *et al.,* Individually, and as Co-partners Under Name of MAGIC CITY NOVELTY CO., v. CIVIL COURT OF RECORD, DADE COUNTY, *et al.*

151 So. 493.

Division B.

Opinion Filed December 22, 1933.

*Vincent C. Giblin,* for Relator;

*Vernon Hawthorne* and *Park H. Campbell,* for Respondents.

BUFORD, J.—This is an original proceeding in prohibition against the Civil Court of Record in and for Dade County, Florida, and the judges of said court.

The subject matter involved in the court to which the

rule was directed was before this Court in the case of State, *ex rel.* Padgett, *et al.,* v. Circuit Court for the Eleventh Judicial Circuit in and for Dade County, in which opinion was filed on May 3rd, 1933, reported 148 Sou. 522. By reference to the report of that case, the pertinent facts concerning the fund of $2,731.26 may be gleaned.

The record now before us shows that when the mandate went down in that case an order was made by Honorable Worth Trammell, Circuit Judge, in the following language:

"This cause having duly come on to be heard upon the motion of Vincent C. Giblin and J. F. Gordon, filed herein on the 31st day of May, A. D. 1933, for the entry herein of a final order in accordance with, and pursuant to, the opinion and judgment of the Supreme Court of Florida, filed on the 3rd day of May, A. D. 1933, in that certain cause lately pending in the said Supreme Court wherein the State of Florida, *ex rel.* E. H. Padgett, D. J. Mahoney, D. F. Saxon, Newell Bowen and Fred Walston, individually and as co-partners under the name and style of Magic City Novelty Company, Vincent C. Giblin and J. F. Gordon was plaintiff, and the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for Dade County, and the Honorable Worth W. Trammell, one of the Judges of the said Circuit Court, were defendants; and the Court, having heard counsel, being fully advised in the premises:

"It Is Ordered and Adjudged as Follows:

"1. That the above mentioned motion be, and it is granted.

"2. That that certain order made and entered herein on the 14th day of February, A. D. 1933, wherein and whereby the moneys herein involved were declared and adjudged forfeited and wherein and whereby the Clerk of this Court was required and directed to transfer the said moneys to

the fine and forfeiture fund of Dade County, State of Florida, be, and it is, vacated and set aside.

"3. That that certain petition, filed herein on the 7th day of December, A. D. 1932, by the Honorable Vernon Hawthorne, State Attorney of and for the Eleventh Judicial Circuit of the State of Florida, be, and it is, dismissed without prejudice, however, to the right of the Attorney General of the State of Florida or the said State Attorney or other prosecuting officer to institute or file, under and pursuant to the provisions of Section 5512 of the Revised General Statutes of Florida of 1920 (Section 7670 of the Compiled General Laws of Florida of 1927), in the Civil Court of Record in and for Dade County, State of Florida, civil proceedings or an action for money had and received in the name and on behalf of the State of Florida for the recovery of the moneys herein involved, or any part thereof.

"4. That the Clerk of this Court be, and he is, authorized, instructed and directed to forthwith transfer and deliver the said moneys to the Clerk of the Civil Court of Record in and for Dade County, State of Florida, to be deposited by the latter in the registry of the said Civil Court of Record and to there remain until lawfully disposed of by the orders and judgments of the said Civil Court of Record.

"5. That, there being no further proceedings to be had herein, this cause be, and it is, dismissed.

"Done and ordered at Miami, this 31st day of May, A. D. 1933.

"Worth W. Trammell, *Judge.*"

In compliance with the above order the Clerk of the Circuit Court delivered the fund to the Clerk of the Civil Court of Record on the 31st day of May, 1933. Thereupon, the claimants Padgett, Mahoney, Saxon, Bowen and Wals-

ton, for the use and benefit of Vincent C. Giblin and J. F. Gordon, and Vincent C. Giblin and J. F. Gordon in their own behalf, filed a petition addressed to the judges of the civil court of record, praying an order directing the clerk of that court to deliver the fund to Vincent C. Giblin and J. F. Gordon.

. The petition was *ex-parte*.

The judges of the civil court of record *sua sponte* issued a rule *nisi* addressed to the Honorable Vernon Hawthorne, State Attorney of and for the Eleventh Judicial Circuit of the State of Florida, and the Board of County Commissioners of Dade County, Florida, to appear on a day named to show cause, if they desired to do so, why the prayer of the petition should not be granted. The State Attorney and the board of county commissioners filed demurrer to the petition and also filed return to the rule. Thereupon, an order was made denying the petition and directing the clerk of the civil court of record to deliver the fund to the board of county commissioners for the credit of the fine and forfeiture fund of Dade County.

A writ of prohibition was applied for here to prevent the execution of that order.

It appears to us that the law of the case is settled by the opinion in the case of State, *ex rel.* Padgett, *et al.,* v. Circuit Court of the Eleventh Judicial Circuit, *supra.*

In that case we held that, under the existing facts, forfeiture of the fund could only be had under the provisions of Section 5512, R. G. S., 7670 C. G. L., and said:

"Our construction of the statute is that there must be a judicial determination of the right of forfeiture in such cases as the one before us; that that adjudication must be by a court of competent jurisdiction; that in this case the Circuit Court of Dade County is without jurisdiction be-

cause the amount involved is less than $5,000. The State claims this amount as being subject to forfeiture. The record shows that others, the petitioners here, claimed the legal right to the ownership and possession of the fund. The Civil Court of Record of Dade County is the proper tribunal in which their differences should be adjudicated."

The procedure attempted by the petitioners has no basis in law. The judges of the civil court of record, under the facts shown, were vested with no jurisdiction to determine the rights of the parties claimant to the fund in the registry of that court and were without authority to order that fund in its then status to be paid over either to the petitioners or to anyone else. Therefore, the order denying the petition was proper and the order requiring the clerk to deliver the fund to the board of county commissioners to be placed to the credit of the fine and forfeiture fund of Dade County was without authority and the judges exceeded their jurisdiction in making such order. The fund is one in the hands of the clerk of the court as *quasi* trustee on behalf of all the parties claimant. Pursuant to an order in a proper suit of interpleader he might divest himself of this fund. That the fund had not been forfeited to the State of Florida was determined in the case formerly before us above referred to and the procedure by which it might be forfeited, if it be subject to forfeiture, was pointed out in that opinion.

The record shows that that procedure has not been invoked.

Whether or not the statute of limitations will now bar the adjudication of forfeiture is a question not now before us for adjudication. That question may only be determined upon being presented as an issue in defense of forfeiture, if and when statutory proceedings for forfeiture are instituted, or in some other suit in which forfeiture may be

sought. Should forfeiture proceedings not be instituted within a reasonable time, it would appear that the claimants to the fund should be able to procure an adjudication of their rights thereto and an order disposing of the same by proper proceedings in a court of competent jurisdiction.

The rule in prohibition should be made absolute and perpetual insofar as the same prohibits the judges of the civil court of record from enforcing the order requiring the clerk of that court to deliver the fund to the Board of County Commissioners to be passed to the credit of the fine and forfeiture fund of Dade County.

It is so ordered.

DAVIS, C. J. and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., absent on account of illness and not participating.