STATE OF FLORIDA, ex rel. RAUL ROQUE, v. THE CRIMINAL COURT OF RECORD OF HILLSBOROUGH COUNTY, FLORIDA, and JOHN R. HIMES, the Judge Thereof.

7 So. (2nd) 131                      Division A
March 31, 1942

M. Carraballo and John G. Graham, for plaintiff in error.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for defendant in error.

ADAMS, J.:

This appeal is from an adverse judgment to relator in prohibition.

The suggestion for the writ discloses that one Daniel Roque was convicted in the Criminal Court of Record of Hillsborough County of reckless driving and possessing lottery tickets. At the time of Roque's arrest, among other items taken from his person was $870.00 in currency. The relator here is a brother to the defendant and alleged that just prior to defendant's arrest he entrusted the $870.00 to defendant to transmit and deposit to relator's account in a bank. The arrest occurred while the money was in transit. The Criminal Court of Record was entertaining a petition seeking forfeiture of the currency. Relator's claim is that the Criminal Court of Record was without jurisdiction to forfeit the money; that he was not

a party to the action before the Criminal Court and therefore he had no other adequate remedy.

Respondent's brief does not treat the question of whether the criminal court had jurisdiction to forfeit the money. It is cast on the presumption that the judge of that court will correctly decide such question on final hearing. We cannot accept such position. In the first place, if the inferior court had no jurisdiction to forfeit then it was without power to entertain a petition for such purpose. In the second place, this relator had no standing in the criminal court. His property rights were being litigated in a proceeding where he was not a party.

The writ was denied by the circuit court, evidently upon the theory that the forfeiture was ancillary to the criminal prosecution. Such is the rule in case of contraband. Section 5507 R.G.S., Section 7665, C.G.L. Before currency can be forfeited there must be an adjudication by a court of competent jurisdiction. State ex rel. v. Circuit Court, et al., 110 Fla. 46, 148 So. 522; State ex rel. v. Civil Court of Record, 113 Fla. 335, 151 So. 493. Section 5512 R.G.S., Section 7670 C. G. L. In Hillsborough County the Circuit Court has exclusive original jurisdiction of claims in excess of $500.00. Section 11, Article V, Florida Constitution. If the currency were subject to forfeiture, the jurisdiction would be in the circuit court and not in the Criminal Court of Record.

In this case it does not appear that the currency was the subject of forfeiture. Section 5512 R.G.S., and Section 7670 C. G. L., limits forfeiture of money to sums "drawn and won as a prize, or as a share or a prize, in any lottery. . . ." The record here shows the

currency was not of such character and therefore it was not subject to forfeiture.

It was error to deny prohibition and the judgment is reversed for further proceedings not inconsistent with this opinion.

Reversed.

BROWN, C. J., WHITFIELD, and BUFORD, JJ., concur.