MATHEWS, Justice.
This is a case of original jurisdiction. Rule nisi in prohibition was issued. Respondent has filed a return in the nature of a confession and an attempted avoidance. The case now stands on the return of the respondent and a motion for judgment notwithstanding the return.
It appears from the petition and the return that the relator was informed against by two informations in the Criminal Court of Record in and for Polk County, Florida. One information charged relator with bribery and the other charged him with conspiracy to violate the lottery laws.
Prior to the filing of the informations a search warrant had been issued under *404 which the gambling paraphernalia and many other articles were seized.
Shortly before the time for pleading to the informations there was some kind of deal or trade made between the relator and the county solicitor and the relator agreed to plead guilty to both informations “upon terms”. Thereafter, the county solicitor and relator agreed that the.relator would plead guilty to each information and would be sentenced to serve one year in the state prison on the bribery charge and sentenced to pay a fine of $5,000, or serve two years in the state prison, on the lottery violations, and that relator would suffer a forfeiture of all monies and properties seized which had been used in lottery operations. This agreement was not entered into in the presence of the .Court but was an agreement between the county solicitor and the relator and the Court was later informed of the agreement and approved the same. The return alleges that the judgment and sentence to be entered against the relator on' said lottery charges should order and adjudicate such forfeiture.
Many questions have been propounded but in view of the conclusion which we have reached, only one question need be answered and that is: Did the Criminal Court of Record have jurisdiction to enter the order (nunc pro tunc) of forfeiture which was entered in this case?
The relator pleaded guilty in open- court and the judgment and sentence were entered on the 13th day of February,' 1952. On-the 19th day of November, 1952, without any notice and without relator' being present, the county solicitor filed a motioii for an order nunc pro tunc to amend the order of February 13th, 1952, “by including in said judgment of guilt and sentence the forfeiture of the property above set out.” The motion contained a list of the property which the county solicitor claimed had been used in conducting a lottery^ The Court then made an order reading in part as follows:
“The above and foregoing motion came on this day to be heard and the Court recalling that it was the understanding and agreement on behalf of Emmett Reece Caraker and counsel present before the Court at that time that the judgment and sentence were to include the forfeiture in the motion above described, and that it was on an oversight and error that said forfeiture was not then and there ordered,
“It is, therefore, Ordered and Adjudged that the judgment and sentence entered in the Criminal Court Minute Book 28, at page 95, in this cause, be apd the same is hereby amended nunc pro tunc by adding to and including in. said sentence and .judgment of conviction that all of the lottery paraphernalia described as follows, to-wit:
(Property described, including $2,918.74 in currency and silver.)
“be and the same is hereby ordered forfeited as being a part of the paraphernalia used in conducting a lottery and that the said property and moneys be turned into the fine and forfeiture fund of Polk County, Florida.
“It is further Ordered that this order be effective as of February 13, A. D. 1952.
“It is further Adjudged that this order is nunc pro tunc and effective as of February 13, 1952.
“Done and Ordered at Bartow, Polk County, Florida, this 19th day of November, A. D. 1952.”
It does not appear from the order nunc pro tunc that there was ever any adjudication . based upon notice, hearing and testimony of any kind. There was no determination that the currency and silver in the amount of $2,918.74 had been drawn or won as a prize, or as a share of a prize, in any lottery.
In the case of State ex rel. Padgett v. Circuit Court of Eleventh Judicial Circuit in and for Dade County, 110 Fla. 46, 148 So. 522, this Court held that there must be an adjudication before forfeiture in a court *405 of competent jurisdiction. After the proceeding in prohibition had been determined in that case, the property was transferred to the Civil Court of Record in Dade County, which was a court of competent jurisdiction. The Civil Court of Record attempted to forfeit the same upon motion. This Court in the case of State ex rel. Padgett v. Civil Court of Record in and for Dade County, 113 Fla. 335, 151 So. 493, 494, again granted prohibition, and said:
“It appears to us that the law of the case is settled by the opinion in the case of State ex rel. Padgett et al v. Circuit Court of the Eleventh Judicial Circuit, supra.
******
“Our construction of the statute is-that there must be a judicial determination of the right of forfeiture in such cases as the one before us; ■' that 'that ■ adjudication must be by a court of competent jurisdiction; * *
In the case of State ex rel. Roque v. Criminal Court of Record of Hillsborough County, 150 Fla. 285, 7 So.2d 131, 132, this Court reversed the Circuit Court of Hills-borough County, which had denied the writ of prohibition, and said:
“The writ was denied by the circuit court, evidently upon the theory that; the forfeiture was ancillary to the criminal prosecution. Such is the rule in. case of contraband. Section 5507, R. • G.S., Section 7665, C.G.L. Before currency can be forfeited there must be an adjudication by a court of competent jurisdiction. * * * In Hills-borough County the circuit court has exclusive original jurisdiction of claims in excess of $500. Section 11, Article V, Florida Constitution. If the currency were subject to forfeiture, the jurisdiction would be in the circuit court and not in the Criminal 'Court of Record.
“In this case it does not appear that the currency was the subject of forfeiture. Section 5512, R.G.S., and Section 7670, C.G.L., limits forfeiture of money to sums ‘drawn and won as a prize, or as a share of a prize, in any lottery * *
It, therefore, appears that the Criminal Court of Record in arid for Pollc County, Florida, had no power or jurisdiction to enter the order nunc pro tunc as to forfeiture because there had been no adjudication, as required, > that the currency had been drawn or won as a prize or as a share of a prize in a lottery, and such'order cannot be made upon the mere motion of a county solicitor. Even 'if there had been an adjudication, this record shows that the Criminal Court of Record in and for Polk County was without power and jurisdiction to make such an adjudication. The amount involved was in excess of $500 and the exclusive jurisdiction of the subject matter was in the Circuit Court of Polk County, Florida.
The conduct of the relator in making an agreement and welshing upon it, if in fact he did so, should be condemned. However, we must bear in mind that a man charged with a crime and faced with the possibility of a very long prison sentence was dealing with the county solicitor and through him with the Judge of the Court. Certainly he was justified in the belief that he was dealing with the State or with officers of the State vested with a part of the sovereign power. We do not approve pr condone, such agreements as that disclosed by this record and we specifically condemn any arrangement or agreement by which jurisdiction is attempted to be conferred upon any court. Jurisdiction is conferred upon a court by the Constitution or a statute and not by agreement between the parties.
It follows'that the motion for a judgment on the pleadings should be and is hereby granted notwithstanding the return and that the rule nisi heretofore issued be made absolute.
It is so ordered.
ROBERTS, C. J., and SEBRING and DREW, JJ., concur.