881 So.2d 706 (2004)
Eugene JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2747.
District Court of Appeal of Florida, Third District.
September 9, 2004.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Michael E. Hantman, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and SHEVIN, J., and DAUKSCH, JAMES C., Jr., Senior Judge.
PER CURIAM.
Eugene Johnson appeals from eighty-three month sentences which were imposed after the trial court vacated his original sentences of forty-eight months, which Johnson had already begun to serve. Because, under these circumstances, the eighty-three month sentences violated Johnson's constitutional guarantee against double jeopardy, we reverse.
In circuit court case number 03-9433, Eugene Johnson was charged with burglary, grand theft, and criminal mischief. In circuit court case number 03-9992, he was charged with burglary and criminal mischief. On August 21, 2003, Johnson pled guilty to the charges in both cases. Before the pleas were entered, the state announced *707 in court that: 1) the sentencing guidelines provided for sentences between eighty-three months and thirty-five years in state prison; 2) Johnson qualified for sentencing as a habitual offender; and 3) the state's plea offer was for fourteen years. Over the state's objection, the trial court allowed Johnson to plead guilty in exchange for concurrent sentences of forty-eight months in state prison. The court then accepted Johnson's guilty pleas, entered adjudications of guilt, and imposed concurrent sentences of forty-eight months.
Written sentencing orders imposing concurrent forty-eight month sentences as a habitual offender were filed on August 28, 2003. Also on August 28, 2003, the state filed a Motion for Rehearing, seeking to have the forty-eight month sentences vacated on the grounds that the sentences were downward departures from the sentencing guidelines. Over defense counsel's objection, that motion was granted. The original sentences were vacated by written order on September 9, 2003. At a subsequent hearing on September 11, 2003, Johnson was resentenced to concurrent eighty-three month terms of imprisonment as a habitual offender. Johnson appeals, arguing that his constitutional right against double jeopardy was violated when the trial court resentenced him to concurrent eighty-three month terms after the forty-eight month sentences were already underway. We agree.
"Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles.... To do so is a clear violation of the Double Jeopardy Clause, which prohibits multiple punishment for the same offense." Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003) (citations omitted). See also Troupe v. Rowe, 283 So.2d 857 (Fla.1973) (finding that a sentence which had been imposed could not thereafter be increased without violating a defendant's constitutional protection against double jeopardy). That the sentences would have been reversed if the state appealed rather than file a motion for rehearing is of no consequence. See Gartrell v. State, 626 So.2d 1364, 1365 (Fla.1993) (holding that the filing of a motion to correct an illegal sentence "will not serve as a substitute for a notice of appeal, even though the motion was filed within the time allowed for appeal"). The trial court lacked jurisdiction to correct sentences that could only be corrected on appeal. Id. at 1366.
Accordingly, we reverse the eighty-three month sentences imposed at the resentencing hearing and remand with directions to reinstate the original forty-eight month sentences.
Reversed and remanded with directions.