899 So.2d 471 (2005)
Domingo RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D03-1084.
District Court of Appeal of Florida, Third District.
April 11, 2005.
*472 Ana M. Davide, Miami, for appellant.
Charles J. Crist, Jr., Attorney General and Consuelo Maingot and Douglas J. Glaid, Assistant Attorneys General, for appellee.
Before FLETCHER and CORTIÑAS, JJ. and SCHWARTZ, Senior Judge.
FLETCHER, Judge.
Domingo Rodriguez was charged with one count of unlawful possession of a firearm by a convicted felon, a second degree felony. The state filed notice to seek enhanced sentencing. Over the state's objection, the court offered Rodriguez a downward departure sentence of eighteen months of probation as an habitual violent offender in exchange for a plea of no contest, conditioned on the state deciding not to appeal. Rodriguez accepted the plea, was processed, and began serving his probation. Two days later, the state appeared before a different judge on an ore tenus motion to vacate the plea. The defendant was not present. The court granted the motion over defense counsel's objection and set the cause for trial. The jury found Rodriguez guilty as charged, and the court sentenced him to ten years in state prison with a three year mandatory minimum sentence for firearm possession. On appeal, Rodriguez argues that the trial court did not have jurisdiction to vacate the plea and sentence once imposed, and that by so doing the trial court subjected Rodriguez to a second prosecution for the same offense.[1] We agree and reverse.
Although it is true that the trial court retains jurisdiction over the defendant post-sentencing, its jurisdiction is limited to specific circumstances, none of which are present in this case. For example, Chapter 947, Florida Statutes (2004) allows the trial court to retain jurisdiction over the first one-third of a maximum prison sentence imposedfor the purpose of monitoring any Parole Commission release order. Section 960.292(2), Florida Statutes (2004) provides that the court "shall retain continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders." Florida Rule of Criminal Procedure 3.800(b) allows the state to file a motion to correct a sentencing error only if the correction of the sentencing error would benefit the defendant. Further, an order of the court placing a person on probation effectively places the probationer under the authority of the Department of Corrections; the court is authorized to impose a sentence of imprisonment only upon revocation of probation, which can only occur *473 after a hearing upon the filing of an affidavit of violation of probation.[2] Fla. R.Crim. P. 3.790(a),(b); § 948.06, Fla. Stat. (2004). Florida Rule of Criminal Procedure 3.170(g)(2)(A) specifically provides that, unless otherwise stated at the time the plea is entered, "the state may move to vacate a plea and sentence within 60 days of the defendant's noncompliance with the specific terms of a plea agreement." See Metellus v. State, 900 So.2d 491, 2005 WL 106964 (Fla. Jan. 20, 2005). However, none of these circumstances were present in this case so as to confer jurisdiction on the trial court to vacate the formally accepted plea and announced sentence.
The plea that Rodriguez accepted included what the state characterizes as a condition which allowed the trial court to retain jurisdiction to later vacate the sentence:
COURT: "[A]t this time, sir, I find the plea is freely, intelligently and voluntarily [sic], that there is a factual basis for the entry of the plea having reviewed the affidavit. Sir, I'm going to find you guilty, adjudicate you guilty, place you on 18 months habitual offender probation....
Do you understand that this probation  this plea is conditioned on the state deciding not to appeal because if they do, all they have to do is come back to court, tell me about it and I'll have to set it aside. Do you understand that?....."
Plea Colloquy June 11, 2002 at 4.
The "condition" the trial court imposed on the plea was illusory, and no condition at all.[3] If the state decided not to appeal the sentence, then Rodriguez would serve the eighteen months of probation as the plea agreement provided. If the state decided to appeal from the sentence, it would have to file a notice of appeal (which it did not do), and jurisdiction would immediately vest with the appellate court to determine the legality of the sentence. Because the plea offer became binding upon its formal acceptance by the court, see Florida Rule of Criminal Procedure 3.172(f), and upon Rodriguez starting to serve his sentence, the state's only recourse if it questioned the legality of the downward departure sentence was to seek an appeal. See Johnson v. State, 881 So.2d 706 (Fla. 3d DCA 2004)(the trial court lacked jurisdiction to correct sentences that could only be addressed by the appellate court on the state's filing a proper notice of appeal); Smith v. State, 898 So.2d 1109 (Fla. 2d DCA March 30, 2005) (state improperly sought to increase defendant's original downward departure sentence by motion in the trial court rather than by appeal, with no rule of procedure as authority; original sentence reinstated.)
State and Federal courts generally recognize that jeopardy has attached when a defendant begins serving his sentence so that he will not be subjected to multiple punishment for the same offense. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); United States v. Vaughan, 715 F.2d 1373, 1378 n. 2 (9th Cir.1983); accord United States v. Aliotta, 199 F.3d 78, 83 (2d Cir.1999) (stating *474 that, "[a]s a general rule, jeopardy attaches in a criminal case at the time the district court accepts the defendant's guilty plea").[4] In this case, the trial court committed fundamental error by placing Rodriguez in jeopardy of an increased sentence after the plea had been formally accepted, sentence imposed, and service of sentence begun.[5]
Accordingly, we reverse Rodriguez's conviction and sentence based on the jury verdict, as well as the underlying order vacating Rodriguez's original plea, and we remand with instructions to reinstate the eighteen month habitual violent offender probation sentence in keeping with the original plea agreement. Rodriguez is entitled to credit against the reinstated sentence for time served in prison on the sentence here vacated.
Reversed and remanded with instructions.
NOTES
[1] "The Double Jeopardy Clause of the Fifth Amendment ... provides that no person shall `be subject for the same offense to be twice put in jeopardy of life or limb.'" Brown v. Ohio, 432 U.S. 161, 164, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). It protects a defendant against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). It is the second of these three protections upon which Rodriguez bases his claim.
[2] Sections 948.01, 948.06(1), Florida Statutes (2004), allows the court, upon finding a violation of probation, to impose any sentence which it might originally have imposed before placing the defendant on probation.
[3] See State ex rel. Caraker v. Amidon, 68 So.2d 403 (Fla.1953) (holding that jurisdiction is conferred upon a court by the constitution or a statute and not by agreement between the parties); Harrell v. State, 721 So.2d 1185, 1187 (Fla. 5th DCA 1998)(holding that lack of jurisdiction cannot be cured by consent).
[4] If, however, judgment is vacated on appeal and a new trial held, the sentence upon conviction in the second trial can be greater than that imposed in the first provided the defendant's subsequent conduct justifies the greater sentence and retaliation for taking the appeal has not motivated the new sentence. See Roberts v. United States, 320 U.S. 264, 276, 64 S.Ct. 113, 119, 88 L.Ed. 41, 48 (1943) (Frankfurter, J., dissenting); Poore v. State, 531 So.2d 161 (Fla.1988).
[5] See, e.g., Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 291 (Fla.1991) (once a person begins serving a lawfully imposed sentence, he may not thereafter be re-sentenced for an increased term of incarceration), overruled on other grounds, Burdick v. State, 594 So.2d 267 (Fla. 1992); Beckom v. State, 227 So.2d 232 (Fla. 2d DCA 1969) (Once appellant began to serve his sentence, the court had no authority to resentence him to a longer prison term); Comtois v. State, 891 So.2d 1130 (Fla. 5th DCA 2005)(rule which authorizes a sentencing court to correct an illegal sentence does not permit the court to increase a legal and unambiguous sentence after the pronouncement becomes final, even if the orally pronounced sentence was based on mistake). Compare James v. State, 845 So.2d 238 (Fla. 1st DCA 2003)(a trial court is not barred from accomplishing its original sentencing goals where a defendant successfully seeks to have a sentence overturned, since there is no legitimate expectation of finality in a sentence a defendant seeks to overturn)[e.s.].