THOMPSON, J.
Diana Hane timely appeals her resen-tencing to an increased term of confinement after she had already begun to serve her original sentence. Contending that the trial court’s resentencing violated double jeopardy, she argues that once a person begins to serve a sentence that has been imposed, the sentence may not be increased without running afoul of double jeopardy principles. Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003); Johnson v. State, 881 So.2d 706, 707 (Fla. 3d DCA 2004). The parties do not dispute that, at the time of resentencing, Hane had begun to serve her sentence and that she has now completed her sentence.[1]
We dismiss the appeal because Hane has completed her sentence, which renders this appeal moot. Edwards v. State, 765 So.2d 222, 222 (Fla. 2d DCA 2000). Further, we have reviewed the appeal and find no exception allowing us to hear the case on the merits. See Godwin v. State, 593 So.2d 211, 212 (Fla.1992) (stating that unless a case is of great public importance, likely to recur or has collateral legal consequences that affect the rights of a party flowing from the issue to be determined, the case is moot and generally will be dismissed).
Appeal DISMISSED as moot.
GRIFFIN and ORFINGER, JJ., concur.

. Hane was sentenced on 2 March 2004. In her initial brief filed on 24 May 2005, Hane states she was released from the Department of Corrections on 14 February 2005.