PER CURIAM.
The State appeals the trial court’s order sentencing Christopher Eddie below the guidelines, as well as the trial court’s order vacating the defendant’s plea of eighteen months in state prison and resentencing him to thirty-six months instead. In case number F05-21892, Eddie was charged by information with carrying a concealed firearm, possession of a firearm by a convicted felon, possession with intent to sell or manufacture or deliver cocaine, possession with intent to sell or manufacture or deliver cannabis, and resisting an officer with violence. In case number F05-34504, Eddie was charged by information for possession of a firearm by a convicted felon.
Eddie entered a plea of nolo contendere to all counts in case number F05-21892. The same day he entered that plea, Eddie entered a plea of nolo contendere in case number F05-34504. In both cases, Eddie’s scoresheet resulted in the lowest permissible prison sentence of 30.15 months.
At the sentencing hearing, the following transpired:
Defense: [Defendant], please stand. He will [sic] like to accept the Court’s offer, with the understanding that if the State appeals?
Court: Or says they want—
Defense: Or say they want to appeal, excuse me, that [Defendant] will ask Your Honor to vacate his plea.
Court: Right. Because if, in fact, the State asked or tells me that they are objecting to it, and they are intending to take an appeal, then obviously, it would be an illegal sentence, due to the State’s objection.
And if [Defendant] doesn’t move on his own, to have it set aside he will get the 18 months State prison, automatically to a 36 month State prison sentence. So because that’s what—
State: Just to let you know, the offer that the State made was 30 months. And we will be withdrawing from plea negotiations and objecting to the Court’s offer.
Court: Okay. I understand. Well you guys are going to have to do what you think is appropriate.
The colloquy took place, and the trial court set the case for hearing “so the State can make a determination whether they want to move to have it set aside or not.” Thereafter, in both cases, the trial court offered a sentence of eighteen months in prison as an . habitual violent offender, which Eddie accepted. On February 23, 2006, the State filed a notice of appeal of the sentence below the sentencing guidelines.
On February 24, 2006, a hearing was held at which the State reported that it had appealed the sentences. However, Eddie moved to set aside the sentences, which motion was granted by the trial court. Eddie was resentenced to thirty-six months prison as an habitual violent offender. The State appealed the order vacating the sentence and the resentencing. These appeals then were consolidated.
The State raises two issues on appeal. First, the State contends that the trial court erred when it sentenced Eddie to a downward departure sentence without providing written reasons for the departure. We agree.
As recognized by the Florida Supreme Court, downward departures without written reasons can be challenged by the State on appeal and are reversible *1090 errors. Gartrell v. State, 626 So.2d 1364, 1365 (Fla.1993). The proper method for the State to challenge a below the guidelines sentence is to file a notice of appeal of the sentence. Id. at 1365-66.
Here, Eddie’s guideline sentence for both cases was for a minimum of 30.15 months. However, on February 17, 2006, the trial court offered Eddie a below-the-guideline-sentence of eighteen-months. At that time, the trial court recognized that the sentence was illegal and would be overturned if the State sought an appeal. Although the State objected, the trial court sentenced Eddie and set the case for further hearing “in case the State appeals.” No written departure reasons were filed, so the State appealed the trial court’s downward departure sentence. Eddie properly concedes that the trial court’s original eighteen-month sentence was error. We thus reverse on this issue.
The State next contends that the trial court lacked jurisdiction to vacate the sentence and resentence Eddie on February 24, 2006. If the State files a notice of appeal of a downward departure sentence, jurisdiction immediately would vest with the appellate court to determine the legality of the sentence. Rodriguez v. State, 899 So.2d 471, 473 (Fla. 3d DCA 2005). A plea offer becomes binding upon its formal acceptance by the court and upon the defendant starting to serve his sentence. See Fla. R.Crim. P. 3.172(f); Rodriguez, 899 So.2d at 473. Thus, the State’s only recourse when questioning the legality of a downward departure sentence is to seek an appeal. Certainly, pursuant to Florida Rule of Appellate Procedure 9.600(b), if the jurisdiction of the lower court has been divested by an appeal from a final order, the appellate court by order may permit the trial court to proceed with specifically stated matters during the pendency of the appeal. Without such an order from the appellate court, however, the trial court lacks jurisdiction.
In the case before us, although the trial court was aware that the State had filed a notice of appeal the day before it resen-tenced Eddie, the trial court nevertheless vacated the defendant’s original sentence and resentenced him. This court had not issued an order permitting the trial court to proceed on the matter during the pen-dency of the appeal. The trial court was, thus, without jurisdiction to resentence Eddie because the State already had appealed the sentence to this Court. Eddie concedes this issue as well.
Accordingly, we reverse the original eighteen-month sentence, vacate the thirty-six month sentence, and remand the case to the trial court for further proceedings. At re-sentencing, Eddie will be given the option of withdrawing his plea, if he wishes to do so.
Reversed, order vacated, and the case is remanded for further proceedings.