# Third District Court of Appeal

## State of Florida

Opinion filed April 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1885
Lower Tribunal No. F96-41742A

_____

**Michael Grimace,**
Appellant,

vs.

**The State of Florida, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Laura Shearon Cruz, Judge.

Michael Grimace, in proper person.

Charles T. Martin, Jr., Assistant General Counsel (Tallahassee), for appellee Florida Department of Corrections.

Before LOGUE, C.J., and SCALES and MILLER, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 960.292(2), Fla. Stat. (1999) ("Upon motion by the state, upon petition of the local subdivision, crime victim, or aggrieved party, or on its own motion, the court in which the convicted offender is convicted shall enter civil restitution lien orders in favor of crime victims, the state, its local subdivisions, and other aggrieved parties. The court shall retain continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders."); <u>Smith v. Fla. Dep't of Corr.</u>, 27 So. 3d 124, 128 (Fla. 1st DCA 2010) (recognizing that the statute of limitations for civil actions brought by the state "does not affect the state's ability to pursue a restitution lien through the sentencing court under section 960.292(2)"); <u>Rodriguez v. State</u>, 899 So. 2d 471, 472 (Fla. 3d DCA 2005) (observing that the sentencing court retains jurisdiction over the defendant post-sentencing to enter a civil restitution lien order).